MAX E. HAGAR, BY HIS NEXT FRIEND, C. E. HAGAR, v. RED BAND COM-
PANY, INCORPORATED, AND ARTHUR BLACK, DOING BUSINESS AS ARTHUR
BLACK'S GARAGE, AND C. E. HAGAR v. RED BAND COMPANY,
INCORPORATED, AND ARTHUR BLACK, DOING BUSINESS AS ARTHUR
BLACK'S GARAGE.

(Filed 26 April, 1933.)

**Negligence A d—Held, injury in this case was from accident which could
not have been foreseen in exercise of due care, and nonsuit was
proper.**

A father and son each brought action to recover damages sustained by
them by reason of injury to the minor son. The evidence tended to show
that defendants were attempting to repair a wheel on a truck which the
driver had parked on the highway because, due to the defective wheel,
he was unable to move it, and that while one of the defendants held
an iron or steel bar against the wheel the other hit it with a sledge
hammer in order to take the wheel off for repairs, that the son ap-
proached the truck and was hit in the eye by a particle which flew off
the iron or steel bar. *Held*, judgment as of nonsuit was properly entered
in each action, the evidence showing that the injury was caused by an
accident which could not have been anticipated in the exercise of due care.

APPEAL by plaintiffs from *Harding, J.,* at September Term, 1932, of
DAVIDSON. Affirmed.

Each of the above entitled actions was instituted by the plaintiff
therein to recover damages for injuries suffered by Max E. Hagar, the
eleven-year-old son of C. E. Hagar, and alleged to have been caused by
the negligence of the defendants, or their employees.

By consent, the actions were consolidated for trial of the issues raised
by the pleadings. Evidence was offered by both the plaintiffs and the
defendants.

From judgment as of nonsuit, at the close of all the evidence, in each
action, the plaintiff therein appealed to the Supreme Court.

*Spruill & Olive for plaintiffs.*
*McCrary & DeLapp for defendants.*

CONNOR, J. On 12 August, 1931, Max E. Hagar, the eleven-year-old
son of C. E. Hagar, while passing a truck owned by the defendant, Red
Band Company, Incorporated, and standing on a highway in the town
of Thomasville, N. C., was struck in the left eye by a small piece of
metal, with the result that his eye was painfully and seriously injured.
It was subsequently removed by a surgeon to whom he was taken for
treatment. The injuries suffered by Max E. Hagar, are permanent. His
father, C. E. Hagar, was required to pay out large sums of money for

medical and surgical treatment of his son's injuries. Both plaintiffs have sustained damages resulting from the injuries suffered by Max E. Hagar.

The truck was standing on the highway, with its front wheels near the curb, and its rear wheels about eleven feet from the curb. One of the rear wheels had suddenly failed to turn, and the driver of the truck had called an employee of the defendant, Arthur Black, to his aid. This employee and the driver of the truck undertook to remove the wheel for the purpose of repairing it. While they were at work, Max E. Hagar, who was walking on the highway, approached the truck. The highway is forty feet wide. When he was within five or six feet of the truck, he was struck in the eye by a small piece of metal, and cried out: "There is something in my eye. I cannot see." Neither of the employees of the defendants had seen him as he approached the truck.

There was evidence tending to show that the piece of metal, which struck the boy in his eye, flew from the iron or steel bar, which the driver of the truck was holding against the wheel, and which the employee of the defendant, Arthur Black, was striking with a sledge hammer. There was no evidence, however, tending to show that either the bar or the hammer was defective, or that the employees of the defendants were negligent in doing their work. All the evidence showed that the injuries which Max E. Hagar suffered, were the result of an accident, for which neither of the employees of the defendants was responsible. The driver did not park the automobile, voluntarily, on the highway; he was unable to move it because of the defective wheel. Neither he nor the employee of the defendant, Arthur Black, knew or had reason to anticipate that a pedestrian on the highway would approach the truck, while they were at work repairing the wheel.

There was no error in the judgment dismissing the action as of nonsuit. *Miller v. Mfg. Co.,* 202 N. C., 254, 162 S. E., 925. The judgment is

Affirmed.