## Richmond

June Worrell v. Staley R. Winstead.

January 26, 1953.

Record No. 4026.

Present, Eggleston, Spratley, Buchanan, Smith and Whittle, JJ.

The opinion states the case.

*Bangel, Bangel & Bangel, Harry J. Berg,* for plaintiff in error.

*Williams, Cocke & Tunstall, Jack E. Greer,* for defendant in error.

Eggleston, J., delivered the opinion of the court.

June Worrell filed a motion for judgment against Staley R. Winstead to recover damages for personal injuries alleged to

have been received while riding as a paying passenger in an automobile operated by the defendant. The motion alleged that as the result of the negligence of the defendant in the operation of the car the plaintiff was thrown violently from the rear seat and sustained serious injuries.

At the conclusion of the plaintiff's case the court struck the evidence on the ground that it was insufficient to sustain a verdict against the defendant. A verdict and judgment for the defendant followed as a matter of course and we granted the plaintiff a writ of error. The parties will be referred to according to the positions which they occupied in the court below.

Both the plaintiff and the defendant were employed at the Naval Operating Base at Norfolk, and for several months prior to the accident the defendant had frequently transported her and other fellow employees to and from work in his automobile.

On September 4, 1951, at approximately 6:15 a. m., the plaintiff and two other passengers entered the defendant's automobile to be carried to work. The plaintiff took the rear seat immediately behind the defendant driver, Herman Cox was seated beside her, and Mrs. White occupied the seat next to the driver. It was raining as the car proceeded northwestwardly along Sewell's Point Road, in Norfolk county. The record does not disclose the nature of the road other than that it was "A narrow road, only two cars can pass."

The plaintiff testified that as the car proceeded along this road the defendant "seemed to be weaving in and out of traffic, and to be going over the speed limit." While she did not know the prescribed limit for the road she thought it was "around thirty-five miles." She could not see the speedometer but "could tell" that the defendant "was going over the speed limit." Further, she said, "I had told him he was driving too fast and he ignored me."

The plaintiff's description of the manner in which the car was being driven was corroborated by the testimony of Cox, the passenger who sat beside her.

According to Cox, during one of these maneuvers when the defendant was overtaking and passing a car ahead of him, he saw a car coming from the opposite direction and cut back into the northbound lane of travel. To avoid striking the car which was immediately ahead of him in the northbound lane, the defendant put on his brakes suddenly, or as Cox described it, "as hard as

he could.'' The Winstead car ''kept on going maybe ten feet,'' but did not strike the car ahead, nor was it struck by the car which was following it.

The plaintiff, who was ''sitting in the car relaxed'' and not anticipating an application of the brakes, was, to use her own words, ''thrown back up against the front seat practically and into the floor, back up against the side'' of the car, her back striking the handle on the left rear door, causing the injuries of which she complains.

In her brief the plaintiff contends that her status in the car was not that of ''a guest without payment'' for her transportation, within the meaning of Code, § 8-646.1, but on the contrary, was that of a paying passenger.[1]  Consequently, she says, it was not necessary that she prove that her injuries were caused by or resulted from ''the gross negligence or willful and wanton disregard'' of her safety by the defendant, as required by the statute, but that proof of ordinary negligence was sufficient to sustain a recovery.  The evidence which we have related, she argues, was sufficient to warrant a finding by the jury that her injuries were proximately due to the ordinary negligence of the defendant in the operation of the car.

The evidence with respect to the plaintiff's status in the car, whether a guest or paying passenger, is quite brief.  After having testified on direct examination that she had been riding with the defendant for ''several months,'' she was asked these questions and responded thus:

''Q. Was it necessary that you pay him anything to take you to and from work?''

''A. Yes, sir.''

''Q. How much?''

''A. $1.50.''

Whether this amount was paid weekly, monthly, or for this particular trip the record does not show.

Assuming without deciding, that the plaintiff's status was that of a paying passenger, we nevertheless agree with the trial court that the evidence adduced on her behalf failed to show that the accident was proximately due to the ordinary or simple negligence of the defendant.

It is, of course, elementary that negligence cannot be presumed from the mere happening of an accident.  The burden

[1] See *Davis* v. *Williams,* 194 Va. 541, 74 S. E. 2d 58, decided today.

is on the plaintiff to prove that an accident was proximately caused by the negligence of the defendant. Unless the plaintiff makes out a *prima facie* case of the defendant's negligence as a proximate cause, there is no duty on the defendant to bring forward any evidence or introduce any testimony to explain the accident or show how or why it occurred. *Guthrie* v. *Carter*, 190 Va. 354, 358, 57 S. E. 2d 45, 46, 47.

█ While the plaintiff testified that the defendant "was exceeding the speed limit," she admitted that she did not know what the actual limit was along the road, nor could she see the speedometer and tell the particular rate at which the car was traveling. Moreover, there is no showing that the speed of the car caused the plaintiff to be thrown from her seat.

The plaintiff's case is that as the defendant was "weaving in and out of traffic" he suddenly applied his brakes, slowing down the momentum of the car, with the result that she, while sitting relaxed and unaware that the brakes would be applied, was thrown from the seat.

Passing other cars ahead, or "weaving in and out of traffic," as the plaintiff characterized it, is, of course, not negligence *per se*. There is no proof that the defendant was negligent in passing the cars ahead of him, or in cutting back into the northbound lane of traffic to avoid the oncoming car.

There is no showing that the brakes were applied carelessly, or that the defendant lacked control of the car. On the contrary, although it was raining, the defendant was able to bring his car under control within ten feet, and without its striking the car ahead or being struck by that which was following.

Again, we are not told why the brakes were suddenly applied. This may have been necessary because the car ahead suddenly stopped or slowed down. The presumption is that the defendant was free of negligence in the operation of the car.

We find no error in the action of the lower court in striking the evidence and accordingly the judgment under review is

*Affirmed.*