### STATE v. EUGENE CLARENCE TINGEN

(Filed 11 December, 1957)

**1. Automobiles § 72—**

Evidence of defendant's guilt of driving a motor vehicle on the public highways of this State while under the influence of intoxicating liquor *held* sufficient to overrule nonsuit.

2. **Criminal Law § 135—**

Order activating a suspended sentence, when supported by proof that the terms of suspension had been violated, is proper.

3. **Negligence § 23—**

Culpable negligence in the law of crimes imports something more than actionable negligence in the law of torts, and is such recklessness, proximately resulting in injury or death, as is incompatible with a proper regard for the safety or rights of others.

4. **Same—**

The violation of a safety statute regulating the use of highways does not constitute culpable negligence unless such violation is intentional, wilful or wanton, or unless the violation, though unintentional, is accompanied by recklessness or is under circumstances from which probable death or injury to others might have been reasonably anticipated.

5. **Automobiles § 59—Evidence held insufficient to show causal connection between driver's drunkenness and fatal accident.**

Evidence tending to show that as two elderly ladies were attempting to cross a street at a place where there was no crosswalk they saw defendant's car approaching and, instead of stopping in the middle of the street, began to run toward the far curb, that defendant's car hit one of them with sufficient force to knock her down and cause fatal injuries, without damaging the car, that defendant, although intoxicated, was traveling on his right side of the street, with no evidence that his speed was excessive or that he was driving recklessly, with further testimony of defendant, not in conflict with the evidence for the State, that he did not see the ladies on account of the lights of a parked car until the ladies were near the middle of the street and that they ran into his car before he was able to stop, *is held* insufficient to be submitted to the jury on a charge of manslaughter.

6. **Same: Automobiles § 40—**

When all the physical facts at the scene tend to show that defendant was driving at a lawful speed, his statement after the accident, "I reckon that I was going a little too fast," considered in the light of the attendant circumstances, can mean nothing more than that defendant did not have enough time and distance after apprehending the danger to avoid the accident.

APPEAL by defendant from *Williams, J.,* May, 1957 Criminal Term, DURHAM Superior Court.

Two criminal prosecutions were consolidated and tried together. Superior Court Case No. 6848 originated in the Recorder's Court of Durham County upon a warrant which charged the defendant with the second offense of operating a motor vehicle upon the public highway while he was under the influence of intoxicating liquor, he having been previously convicted of driving drunk on July 24, 1956. From a conviction and judgment, he appealed to the Superior Court of Durham County. In Superior Court Case No. 6849, the defendant was charged with

the offense of manslaughter in the slaying of Elizabeth R. Strickler. Both offenses are alleged to have occurred on April 15, 1957. They grew out of the same transaction.

The following is the substance of the evidence: At approximately ten o'clock on the night of April 15, 1957, Miss Clara Crawford parked her car on the south side of Morehead Avenue in the City of Durham. The car was stopped inside the block, facing east, and the lights were on. Mrs. Elizabeth Strickler, age 74, Mrs. Cobb, age 76, and Mrs. Everett Land were in Miss Crawford's car at the time it stopped. Mrs. Strickler and Mrs. Cobb lived across the street on the north side of Morehead Avenue. When the car stopped, Mrs. Land got out, helped Mrs. Strickler and Mrs. Cobb out of the car, and offered to assist them across the street. The offer was declined and the two elderly ladies went to the rear of the car and started across Morehead Avenue to their home.

Mrs. Land testified: "I watched them until they had gotten over half way across (the street) . . . I heard one of them say, 'I've got to run' and then I saw headlights and heard brakes . . . the car whose lights I had seen and whose brakes I had heard was stopped there. Mrs. Strickler was in front of the car. Mrs. Cobb . . . was lying about three feet from the north curb. The defendant was driving the car. . . . He was out of the car going toward Mrs. Strickler." The witness was unable to give an opinion of the car's speed.

Mr. E. R. Cobb, son of Mrs. Cobb, came to the scene of the accident immediately. The defendant said to him, "I reckon that I was going a little too fast." The defendant talked with a thick tongue and, in the opinion of the witness, was highly intoxicated. Mrs. Strickler died as a result of the injuries received.

Lt. Bowles, of the police department, investigated the accident and arrived on the scene shortly after it happened. "I asked him how fast he was going. He said he was driving 25 miles per hour and he slowed down to 10 miles per hour." Two tire marks started 6½ feet out in the street and came in approximately four feet from the curb. The skid marks were on the north side of Morehead Avenue. They were on the proper side of the street for a person driving west. The avenue is 32 feet, four inches wide. In the opinion of the officer the defendant was drunk. Without objection, the officer further testified with reference to the skid marks: "That would be about 35 feet of skid marks. These skid marks are no indication of speed to me. . . . I conducted the examination and investigation in this matter and I found no one or no information leading to or showing any reckless driving or speeding on the part of the defendant Tingen

on the occasion of this accident. I examined the front of his automobile and there was no damage to it."

Patrolman Whitfield testified: "In my opinion he was under the influence of alcohol. There is no crosswalk at the point where the accident occurred. There is no stopsign or stoplight. The accident occurred one-third of the way towards the middle of the block."

The State introduced other evidence of the defendant's intoxication and also evidence of the defendant's prior conviction "for driving under the influence." At the close of the State's evidence the defendant moved for judgment as of nonsuit on both charges and excepted to the court's refusal to grant them.

The defendant testified, admitted he had had two beers, but stated he was not under the influence of intoxicants. "As I approached the car on the south side of Morehead (evidently Miss Crawford's) I was momentarily blinded and I slowed up. I was running at a speed of 25 miles per hour. I don't know what I slowed down to. . . . As I approached the parked car . . . I was partially blinded by the lights and I slowed down. . . . and then I saw two people to the left . . . These people were almost in the middle of the street. I was driving in my right-hand lane. In a split second I turned to the right as I thought they were going to stay in the middle of the street . . . I applied all the brakes I had and skidded on up. I angled my car partially towards the curb . . . as I applied my brakes . . . It was clear enough to see two ladies crossing the street. I saw they were excited and they turned and ran towards me. I heard a small thump and I am satisfied that the one inside struck my car. One of the ladies had gotten between my car and the curb. I . . . got out as soon as I could and went around to the front side of the car where this lady was lying. She was lying in the front of the car. I lifted her . . . as some lady came over. I waited until the ambulance arrived."

The defendant offered the evidence of a number of witnesses whom he had just left at a filling station who testified that he was not under the influence of liquor. To the court's refusal to grant the renewal of his motions at the close of the evidence, the defendant excepted. The jury returned a verdict of guilty on both charges. From judgment (1) that he serve two years on the roads in case No. 6848, and (2) that he serve 10 to 15 years in the State's prison in No. 6849, the defendant excepted and appealed.

*George B. Patton, Attorney General, Harry W. McGalliard, Assistant Attorney General for the State.*

*Arthur Vann for defendant, appellant.*

HIGGINS, J. The evidence in the case, although in conflict, is amply sufficient to sustain the verdict on the charge of operating a motor vehicle upon the public highway while under the influence of intoxicating liquor. The judgment, therefore, in Superior Court Case No. 6848 is free from error. The order activating the suspended sentence on the prior conviction is supported by proof the terms of suspension were violated, and the judgment of imprisonment is affirmed.

The defendant's assignment of error No. 4, based on exception No. 20, presents for review the question of the sufficiency of all the evidence to go to the jury on the charge of manslaughter. In the leading case of *State v. Cope*, 204 N.C. 28, 167 S.E. 456, Chief Justice Stacy has stated the rules by which criminal responsibility in automobile accident cases shall be determined:

"4.  Culpable negligence in the law of crimes is something more than actionable negligence in the law of torts.

"5.  Culpable negligence is such recklessness or carelessness, proximately resulting in injury or death, as imports a thoughtless disregard of consequences or a heedless indifference to the safety and rights of others.

"6.  An intentional, wilful or wanton violation of a statute or ordinance, designed for the protection of human life or limb, which proximately results in injury or death, is culpable negligence.

"7.  But an unintentional violation of a prohibitory statute or ordinance, unaccompanied by recklessness or probable consequences of a dangerous nature, when tested by the rule of reasonable prevision is not such negligence as imports criminal responsibility."

In the light of the foregoing rules, is there substantial evidence of manslaughter? The evidence of the defendant's intoxication at the time of the accident is conflicting. However, under the rules of evidence governing such cases the conflict must be resolved against the defendant and we must assume he was operating the car at the time of the accident while he was under the influence of liquor. However, in order to fix criminal responsibility, something more than intoxication must be shown. *State v. Lowery*, 223 N.C. 598, 27 S.E. 2d 638; *State v. Cope, supra; State v. Satterfield*, 198 N.C. 682, 153 S.E. 155. Causal relationship must be shown. The negligent act must be the proximate cause of the casualty. In this case, except as to intoxication, the evidence is not in conflict. The State's witness said Mrs. Strickler and Mrs. Cobb started to cross the street from behind Miss Crawford's car and at the time they were more than half way across the avenue one of them said, "I've got to run." The witness saw lights and heard brakes. The car evidently hit Mrs. Strickler, though it stopped before running over her. No dam-

age was done to the car. Mrs. Cobb was lying near the curb and there is no evidence the car hit her. The defendant's evidence is not in conflict, but in amplification of the State's evidence. The defendant said he didn't see the ladies on account of the lights of the parked car until they were near the middle of the street; that he applied his brakes and that they ran into his car before he was able to stop.

The officer who investigated the case was permitted to say, "I conducted the examination and investigation in this matter and I found no one or no information leading to or showing any reckless driving or speeding on the part of the defendant Tingen on the occasion of this accident. . . . The skid marks are on the north side of Morehead Avenue; they were on the proper side of the street for a person driving west on Morehead Avenue."

Eliminated, therefore, is all question of speeding or reckless driving. There remains to be considered only the defendant's statement to Mr. Cobb, "I reckon that I was going a little too fast." The statement must be interpreted in the light of the attendant circumstances. When so considered it does not necessarily mean the defendant was violating the law. In the light of attendant circumstances the statement could mean little, if anything, except that not enough time and distance remained in which the defendant could stop after he saw the danger in which the ladies had placed themselves by attempting to run across the street in front of him.

We conclude the evidence is insufficient to sustain a conviction on the charge of manslaughter. The defendant's assignment of error No. 4 is sustained. The motion for judgment as of nonsuit should have been allowed.

In the trial and judgment on the charge of operating an automobile while intoxicated, there is
No error.
The judgment on the charge of manslaughter is
Reversed.