LEALER JONES, ADMINISTRATRIX OF THE ESTATE OF WILEY JONES, DECEASED
v. S. T. HODGE.

(Filed 29 April, 1959.)

1. **Automobiles § 47:   Death § 3— Evidence held insufficient to show
   that passenger's fall from truck was caused by negligent operation
   of the truck.**

   Evidence tending to show that defendant permitted intestate to ride
   on the back of his truck, that defendant, realizing he was passing the
   place intestate wanted to get off, jammed on his brakes, and just as the
   truck was slowing down, saw, through the rear view mirror, intestate
   falling from the truck, *is held* insufficient to be submitted to the jury
   in this action for wrongful death, since, even conceding there was evi-
   dence sufficient to support a finding that intestate's fall from the truck
   was the proximate cause of death, the sudden deceleration of the truck
   would tend to throw a passenger in the body against the back of the
   cab rather than throw him from the truck, and whether defendant's
   actions caused intestate to fall, or whether intestate attempted to jump
   from the truck as he saw he was passing his stopping place, or what
   actually caused his fall, is left in conjecture and speculation.

2. **Same:   Automobiles § 40:   Evidence § 29—**

   A statement by defendant to the injured man's wife at the hospital
   after the accident in suit, to the effect that he would take care of the
   matter because he was at fault, is not an admission of negligence, but
   amounts to nothing more than a conclusion, and is insufficient to take
   the issue of negligence to the jury when such conclusion is not actually
   borne out by the facts in evidence.

APPEAL by plaintiff from *Nimocks, J.*, December, 1958, Special A
Term, WAKE Superior Court.

Civil action by the Administratrix, Lealer Jones, to recover for
the alleged wrongful death of her husband, Wiley Jones. At the
conclusion of all the evidence, judgment of involuntary nonsuit was
entered, to which the plaintiff excepted and from which she appealed.

*Taylor & Mitchell for plaintiff, appellant.*
*Smith, Leach, Anderson & Dorsett for defendant, appellee.*

HIGGINS, J.   The defendant, driving his pickup truck south on
Strickland Road in Wake County, at about nine o'clock in the morn-
ing of November 5, 1957, overtook plaintiff's intestate, Wiley Jones,
walking south along the highway. The defendant recognized Jones,
stopped his truck, and invited him to ride. Jones accepted the invita-
tion, climbed into the body of the truck which contained 700 to 800
pounds of cotton tied in sheets. The defendant's wife and three small
children were riding in the cab. When Jones got in the back of the

truck, he said, "Go ahead." The defendant knew Jones wanted to stop at the home of his brother who lived a short distance down the road.

The further evidence most favorable to the plaintiff permits the inference the defendant realized he was passing the place where Jones wanted to get off, jammed on his brakes, and just as the truck was slowing down, the defendant, through his rear view mirror, saw something like a coat fly through the air. The inference is permissible the defendant saw Jones falling from the truck. Jones was picked up, taken to the hospital immediately after the accident, remained in the hospital without regaining consciousness until his death on December 11, 1957.

The attending physician testified as to the facial injuries, broken nose, broken and loosened teeth, injured mouth and gums, contusions about the head and face, a broken finger, and partial paralysis indicating injury to the brain. He testified that Jones had suffered previously from high blood pressure and deterioration of the arteries. The physician expressed the opinion the injuries were sufficient to have caused unconsciousness; but his somewhat timid opinion was that Jones had had a stroke. Whether the stroke caused the fall or the fall and injury caused the stroke, the doctor did not express opinion.

Applying the rule that all legitimate inferences from the evidence must be drawn in favor of the plaintiff on motion to nonsuit, we conclude the evidence was sufficient to go to the jury and to support a finding that the fall from the truck was the proximate cause of the injury. But the serious question is what caused the fall. The administratrix, wife of the intestate, testified to a conversation with the defendant at the hospital after the accident, and that the defendant stated: "Don't worry, I will take care of it, because I know I am in fault." The evidence with respect to the intestate's becoming a passenger in the truck and his fall from it came from the sons of the deceased who testified on the basis of the defendant's statements to them after the accident.

The plaintiff contends the evidence, and especially the defendant's statement, "I know I am in fault," was sufficient to go to the jury on the question of defendant's actionable negligence. She cites in support, *Hobbs v. Queen City Coach Co.*, 225 N.C. 323, 34 S.E. 2d 211; and *Wells v. Burton Lines, Inc.*, 228 N.C. 422, 45 S.E. 2d 569. However, the only negligent act charged against the defendant is that he slammed on his brakes and stopped too suddenly, causing the plaintiff's intestate to fall from the truck. The truck had a metal body with

wooden side boards as high as the top of the cab, with a small hole through which the rear view mirror permitted the driver limited vision in that direction.

A truck, rapidly reducing speed by sudden pressure on the brakes, might throw a passenger in the cab against the instrument board, or a passenger in the body against the back of the cab. But it is simply against the law of physics for the sudden slowing down of forward movement to carry rearward thrust. The tendency is for a moving body to continue the movement substantially in the same direction unless acted upon by some other force. For all we know, Jones saw the truck passing his stopping place, miscalculated the speed, and tried to get out. This is only supposition. What actually caused his fall is left in that category.

Do the defendant's admissions, "I know I am in fault," change the picture? The evidence is that after Jones got in the body of the truck the defendant never saw him again until he saw, in his rear view mirror, a coat or something fly up as he was applying his brakes. In view of the evidence as to what the defendant said, which we must take as true, although he denied it, his statement, "Don't worry, I will take care of it, because I know I am in fault," made to the injured man's wife at the hospital, is nothing more than his conclusion. But the conclusion is not borne out by the actual facts in evidence. Facts and statements, similar to those in evidence here, were held insufficient to make out a case. *Lucas v. White,* 248 N.C. 38, 102 S.E. 2d 387; *Austin v. Overton,* 222 N.C. 89, 21 S.E. 2d 887; see also, *State v. Tingen,* 247 N.C. 384, 100 S.E. 2d 874; *Lane v. Bryan,* 246 N.C. 108, 97 S.E. 2d 411.

We hold that the facts in this case are insufficient to support a finding of actionable negligence. The judgment of nonsuit is

Affirmed.