EMORY C. MASSENGILL v. J. E. WOMBLE & SONS, INCORPORATED, AND BARTER WRIGHT MASON AND ROSA HAYES HORTON.

(Filed 21 November 1962.)

**1. Automobiles § 41f—**

Evidence that the additional defendant, driving a car along a four-lane highway, was proceeding in the left lane for travel in his direction, and slowed to turn left at a crossover in the median, and that plaintiff, driving a following car, also slowed his vehicle and was hit from the rear by a third vehicle driven by an original defendant, is insufficient to support a finding that the negligence of the additional defendant, if any, was a proximate cause of plaintiff's injuries, and such additional defendant's motion to nonsuit the cross action of the original defendants was properly allowed.

**2. Automobiles § 44—**

Evidence that plaintiff, driving along a four-lane highway in the left lane for traffic traveling in his direction, decreased speed when the pre-

ceding vehicle slowed down to make a left turn at a crossover in the median, and was struck from the rear by defendant's vehicle, *is held* insufficient to warrant the submission of the issue of contributory negligence to the jury.

APPEAL by original defendants from *Walker, Special Judge,* April 1962 Civil Term of WAKE.

On February 29, 1960, about 8:30 a.m., plaintiff was driving his 1960 Pontiac on Highway 401 toward Raleigh. He was proceeding in a line of traffic in the left of the two lanes for northbound traffic. A 1953 Pontiac operated by (additional) defendant Horton was in front of plaintiff and a 1957 Chevrolet truck owned by the corporate defendant and operated by its agent, defendant Mason, was behind plaintiff. Defendant Horton gradually reduced her speed as she approached a crossover in the median where she was to turn left. Plaintiff, observing her action, gradually reduced his speed. When defendant Horton reached the crossover and began her left turn, her car and plaintiff's car were proceeding very slowly. Under these circumstances, the truck operated by defendant Mason overtook plaintiff's car and struck the right rear thereof, causing plaintiff's car to strike the car of defendant Horton.

Plaintiff instituted this action against the corporate defendant and defendant Mason to recover damages for personal injuries and property damage allegedly caused by Mason's negligence. Answering, these (original) defendants denied negligence, pleaded contributory negligence, and alleged, conditionally, a cross action for contribution against defendant Horton. Defendant Horton was made a party on motion of original defendants and became a defendant only in respect of said cross action for contribution.

At the close of all the evidence, the motion of defendant Horton for judgment of nonsuit as to original defendants' cross action for contribution was allowed. Original defendants excepted.

Original defendants tendered, but the court refused to submit, an issue as to the alleged contributory negligence of plaintiff. Original defendants excepted.

Issues as to negligence and damages were submitted. The jury found that plaintiff was injured and damaged by the negligence of original defendants as alleged in the complaint and awarded damages in the amount of $3,500.00.

Judgment for plaintiff, in accordance with the verdict, was entered. Original defendants excepted and appealed.

*Holding, Harris, Poe & Cheshire for plaintiff appellee.*

*Maupin, Broughton, Taylor & Ellis for defendants J. E. Womble & Sons, Inc., and Barter Wright Mason, appellants.*

*Smith, Leach, Anderson & Dorsett for additional defendant Horton, appellee.*

PER CURIAM. We find no evidence sufficient to support a finding that the negligence of defendant Horton, if any, was a proximate cause of plaintiff's injuries and property damage. Nor do we find evidence sufficient to support a finding that plaintiff was contributorily negligent. Hence, there is no error in the rulings referred to in our preliminary statement.

Other assignments brought forward in appellants' brief relate to alleged errors in respect of the court's charge to the jury. However, none of these assignments discloses prejudicial error.

No error.