JIMMY PITTMAN v. R. T. FROST, WILLIAM T. FROST, R. T. FROST, JR., HENRY FROST AND WILLIAM O. FROST, T/A R. T. FROST & SONS.

(Filed 26 February 1964.)

**1. Negligence § 24—**

In order to make out a case plaintiff must not only show negligence on the part of defendant and an injury to himself, but also that the injury was

proximately caused by the negligence, including, as an essential element of proximate cause, that the injury was reasonably forseeable.

**2. Automobiles § 47—**

Evidence tending to show that plaintiff passenger elected to sit on the top of a rear fender enclosed within the body of the truck instead of on the floor or on the flat tool box, and that when defendant slammed on his brakes to avoid an accident plaintiff was thrown from his position to his injury, *held* insufficient to overrule nonsuit, since the act of applying the brakes under the conditions cannot be held for negligence and, further, defendant could not have reasonably foreseen that plaintiff would take this position of peril when safe places were available.

APPEAL by plaintiff from *Clark, S. J.,* August-September, 1963 Session, CARTERET Superior Court.

Civil action to recover damages for personal injury. The plaintiff alleged his injuries were proximately caused by the negligent operation of the defendants' partnership truck, driven by William T. Frost, one of the partners, in that the driver applied the brakes, stopping the truck suddenly, causing the plaintiff to fall from his seat on the top of the rear fender which was enclosed in the plywood body built on the back of the truck.

The defendants denied negligence and conditionally pleaded plaintiff's contributory negligence in that he had voluntarily and without the driver's knowledge placed himself on the oval top of a rear fender which was enclosed within the body of the vehicle when it would have been perfectly safe for him to sit on the floor, or on the flat top of a tool box.

At the close of the plaintiff's evidence, the court entered judgment of compulsory nonsuit, from which the plaintiff appealed.

*Harvey Hamilton, Jr., for plaintiff appellant.*
*Wheatley & Bennett by Thomas S. Bennett for defendant appellees.*

HIGGINS, J. The plaintiff's evidence tended to show the following: On Sunday afternoon, September 3, 1961, the defendant, William T. (Ty) Frost, driving a one and one-half ton Ford truck, left Salter Path to go to a ball game at Smyrna. George Smith rode in the cab with the driver. Bernice Smith and a small boy, Micky Smith, were in the enclosed body of the truck. This body was constructed of plywood. It was approximately eight feet long and five feet high, built on the chassis of the truck with the rear fenders enclosed within the body. The top of the fenders over the rear wheels were 10 or 12 inches higher than the bed of the truck, leaving each fender exposed in the shape of a crescent.

When the driver in the cab gave the plaintiff permission to go with his party to the ball game, the plaintiff entered the enclosed body. "I crawled in the truck . . . Mr. Bernice Smith was in the back of the truck, . . .

sitting on the right-hand fender. The young boy was sitting on the tool box. At the time I fell off the fender Bernice Smith was sitting on the floor. . . . I think he got off the fender about the time we were crossing the Morehead-Beaufort Bridge. I was sitting on the fender with my hands on my knees. I recall when we went over the Beaufort Bridge . . . As the truck went off the bridge it felt to me like it gained speed, and in two or three seconds . . . Ty Frost slammed on brakes. . . . The truck stopped dead still, I imagine. I want up against the tool box. . . . The back part of my ribs hit the tool box." Although the plaintiff went on to the game, he offered medical testimony sufficient to indicate he had suffered injury.

The plaintiff's witness, Captain George W. Smith, gave this account of the accident: "As the truck went off the bridge the speed . . . was increasing . . . there were some cars ahead of us . . . about three . . . going east. Ty . . . speeded up . . . behind the car and in my observation he was going to pass. He run up to the back of it, close to it and all at once he slammed on brakes . . . I went into the dashboard. . . . I raised up and the car was pulling out . . . the car (in front) was still pulling out. . . . I told Ty, 'You certainly got good brakes; one thing I do know.' He said, 'Yes, if I hadn't had I would have been in trouble, wouldn't I,' and I said, 'You certainly would.' . . . When Ty put on the brakes that was the stop, right there. We continued to the ball game. The fender . . . comes up on a round circle and goes down to the floor and there it stops."

The purport of the plaintiff's evidence seems to be this: The driver of the truck increased speed after crossing the bridge, intending to pass three cars going in the same direction. The car immediately in front apparently made some movement which caused the driver to apply brakes rather than to attempt to pass. This caused the plaintiff to slide from the oval top of the fender. The conversation between the driver and the witness at the time of the accident is revealing in that it discloses the sudden application of the brakes kept the truck from striking the car in front. This evidence came from the plaintiff's witness.

Fairly interpreted, the evidence does not permit an inference of negligence. There is an utter lack of evidence indicating knowledge on the part of the driver that the plaintiff, a mature man, would attempt to ride while perched on the top of an oval fender with his hands on his knees. With safety he could have taken a seat on the floor of the bed, or on the flattop tool box. Abrupt application of brakes is known to be a common necessity of present day motor travel. Sudden or abrupt stops may be expected and the driver is not permitted always to take time to notify his passengers that he is about to apply his brakes. They have no right to expect such notice. According to the laws of motion, one perched on the top

of an oval fender should expect to be thrown forward or backward as the vehicle decreases or increases speed.

Plaintiff does not make out a case by showing a negligent act and an injury. He must show the injury was proximately caused by the negligent act. Reasonable foreseeability is one of the necessary elements of proximate cause. "Foreseeability of injury is an essential element of proximate cause." Strong's N. C. Index, Vol. 3, "Negligence," § 7, p. 449, citing *Griffin v. Blankenship,* 248 N.C. 81, 102 S.E. 2d 451; *Hagar v. Red Band Co.,* 204 N.C. 568, 169 S.E. 142; and 20 cases intervening between the two cited. See also, *Jones v. Hodge,* 250 N.C. 227, 108 S.E. 2d 436. Actually, the facts do not show the application of the brakes was a negligent act. The plaintiff's own witness indicates the application of the brakes may have prevented an accident.

The evidence does not fix the driver with notice the plaintiff had placed himself in a position from which he would be thrown by the application of the brakes. The evidence does not show the defendant, from his position in the cab, could see inside the enclosed plywood body and discover the dangerous position of the plaintiff.

The doctrine applicable to the facts here is discussed by the Supreme Court of Appeals of Virginia in *Worrell v. Winstead,* 194 Va. 597, 74 S.E. 2d 62: "It is, of course, elementary that negligence cannot be presumed from the mere happening of an accident. The burden is on the plaintiff to prove that an accident was proximately caused by the negligence of the defendant. Unless the plaintiff makes out a *prima facie* case of the defendant's negligence as a proximate cause, there is no duty on the defendant to bring forward any evidence or introduce any testimony to explain the accident or show how or why it occurred. . . . Again, we are not told why the brakes were suddenly applied. This may have been necessary because the car ahead suddenly stopped or slowed down. The presumption is that the defendant was free of negligence in the operation of the car."

"In order to make out a case of actionable negligence the plaintiff must show (1) the defendant has failed to exercise proper care in the performance of a duty owed to the plaintiff; (2) that the negligent breach of that duty was the proximate cause of plaintiff's injury; (3) that a person of ordinary prudence should have foreseen such result was probable under the circumstances as they existed. 'If the evidence fails to establish either one of the essentials, the judgment of nonsuit is proper'." *Burr v. Everhart,* 246 N.C. 327, 98 S.E. 2d 327, citing authorities.

When tested by the applicable standards, the plaintiff's evidence is insufficient to make out a case of liability. Nonsuit was required. The judgment is

Affirmed.