WALTON PETER BURKHIMER, JR., PLAINTIFF v. BARNEY EDWARD HARROLD, AND WIFE GEORGIA FAW HARROLD, DEFENDANTS v. WALTON PETER BURKHIMER, THIRD PARTY DEFENDANT

No. 7325SC572

(Filed 12 December 1973)

Automobiles § 56— hitting stopped vehicle — insufficient evidence of negligence

Evidence was insufficient to support a finding that defendant's negligence was a proximate cause of plaintiff's property damage and third party defendant's personal injuries where the evidence tended to show that defendant was followed by two vehicles and the third party defendant, the third party defendant was traveling at 50 mph and could see the taillights of the three vehicles in front of him, the defendant executed a turn which required that the vehicle behind her come to a stop, two of the vehicles behind her did stop, but the third party defendant did not stop but collided with the stopped vehicle directly in front of him.

APPEAL by plaintiff and third party defendant from *Winner, Judge,* 19 March 1973 Session of Superior Court held in CALDWELL County.

This is a civil action in which the plaintiff, Walton P. Burkhimer, Jr., and his father, the third party defendant, seek to recover from defendants damages for injury to person and property, emanating from the collision of plaintiff's car (driven by the third-party defendant) with the car of another not a party to this present suit.

The evidence presented by plaintiff and third party defendant tends to establish the following:

On a clear night in November 1969, the third party defendant was driving alone in his son's automobile which had been left with him while his son was in the military service. The third party defendant, heading west on N. C. Highway #90 and traveling at a speed of approximately fifty miles per hour, was in the process of overtaking several vehicles traveling in the same direction but at a slower rate of speed. Directly ahead of the third party defendant was a 1955 Chevrolet automobile driven by Gordon White, and ahead of the White vehicle was a 1969 Plymouth being driven by McArthur Austin. In front of the Austin vehicle was the automobile driven by the defendant Mrs. Harrold. These vehicles had their headlights and taillights on, and the third party defendant testified that he could see the taillights on these vehicles.

As the vehicle driven by Mrs. Harrold reached the entrance to a service station located on Highway #90 she attempted to make a left turn into the driveway of the station, but she missed the driveway and had to back up to be able to enter the driveway. Austin testified:

"[S]he started to turn into the store and she misjudged where the turn was and started in the ditch. I was watching because I knew she was going to do something there and I saw her back-up lights come on in the road and I stopped. She backed to where I would say her bumper was across the yellow line."

"I was some 15 feet from her car when I stopped."

The White vehicle, following immediately behind Austin, came to a complete stop six or eight feet behind Austin's car and remained stationary at that time for an estimated ten seconds before he was struck from the rear by the vehicle driven by the third party defendant. The vehicle driven by the third party defendant left skid marks of 69 feet and did not come into contact with any vehicle other than the one driven by Gordon White.

At the conclusion of the presentation of plaintiff's and third party defendant's evidence, the defendants moved for a directed verdict which motion was granted. The plaintiff and third party defendant appealed.

*L. H. Wall for plaintiff appellant.*

*Townsend and Todd by Bruce W. Vanderbloemen for defendent appellees.*

*Fate J. Beal and L. H. Wall for third party defendant.*

HEDRICK, Judge.

It is fundamental that plaintiff and the third party defendant, in order to prevail on the contention that their personal injuries and property damages were the direct result of defendant's actionable negligence, must present evidence sufficient to support both a finding of negligence and that such negligence was the proximate cause of their injuries and property damage. *Pittman v. Frost*, 261 N.C. 349, 134 S.E. 2d 687 (1964).

Assuming *arguendo* that the actions of defendant Harrold were negligent, we find no evidence sufficient to support a finding that such negligence was a proximate cause of plaintiff's property damage and third party defendant's personal injuries. *Massengill v. J. E. Womble and Sons, Inc.*, 258 N.C. 181, 128 S.E. 2d 243 (1962). In fact, the evidence presented clearly reveals that the sole proximate cause of the third party defendant's injuries and plaintiff's property damage was the negligence of the third party defendant.

Plaintiff and third party defendant also contend the court erred in allowing defendant Harrold to amend the original answer in order to plead the family purpose doctrine and in making the driver of plaintiff's car a third party defendant. The trial court's order allowing the original defendants' motion for a directed verdict and our decision affirming the judgment directing a verdict for defendants make it unnecessary for us to discuss these assignments of error.

The judgment appealed from is

Affirmed.

Judges VAUGHN and BALEY concur.