GEORGE THOMAS POYTHRESS v. BURLINGTON INDUSTRIES, INC.

No. 7916SC242

(Filed 3 June 1980)

**Negligence § § 30.3, 31– injury from operation of forklift – foreseeability – insufficiency of evidence – inapplicability of res ipsa loquitur**

In an action to recover for personal injuries sustained by plaintiff when defendant's forklift operator started forward, the "motor went into high speed," and a metal sheet on which plaintiff was standing was jerked forward, causing plaintiff to fall, directed verdict for defendant was proper since, in order for the evidence to be submitted to the jury, the jury would have to be able to conclude that a reasonable man would not have accelerated the forklift while it was on the metal sheet, knowing the sheet might be pulled forward, causing plaintiff to fall, and the jury could not so conclude on the evidence presented; nor should the case have been submitted to the jury under the doctrine of res ipsa loquitur, since it could be concluded from the evidence what caused the accident.

Judge WELLS concurs in the result.

APPEAL by plaintiff from *Fountain, Judge.* Judgment entered 15 November 1978 in Superior Court, SCOTLAND County. Heard in the Court of Appeals 26 October 1979.

Plaintiff appeals from a verdict directed against him in an action for personal injury. The evidence in the light most favorable to plaintiff showed that plaintiff is a truck driver who delivered a load consisting of pallets of plywood to the defendant on 21 October 1975. Three pallets were to be unloaded at the plant of the defendant. The plywood was unloaded by an agent of the defendant by use of a forklift. A thin metal sheet which had been used to brace the pallets while the tractor-trailer was carrying its load was lying on the floor of the trailer. The first two pallets were unloaded without difficulty. The plaintiff then went into the trailer to help place the third pallet on the forklift. After the pallet was loaded, the plaintiff stepped aside and was standing on the metal sheet. As the forklift operator was backing the forklift out of the trailer, it rolled on the metal sheet. At this time the pallet, which was on the forklift, brushed against the side of the trailer. In an effort to get the forklift off the wall of the trailer, the forklift driver started forward when "all of a sudden the motor went into high speed." The sheet of metal on which the forklift was rolling was

jerked forward and from under the plaintiff who fell, suffering personal injury. At the close of the plaintiff's evidence, the court directed a verdict for the defendant.

*Mason, Williamson, Etheridge and Moser, by Kenneth S. Etheridge and Daniel B. Dean, for plaintiff appellant.*

*Hedrick, Parham, Helms, Kellam and Feerick, by J.A. Gardner III, for defendant appellee.*

WEBB, Judge.

The question posed by this appeal is whether the jury could have concluded from the evidence that the agent of defendant who was operating the forklift did something which a reasonable man would not have done or failed to do something which a reasonable man would have done which proximately caused the plaintiff's injury. *See* 9 Strong's N.C. Index 3d, Negligence § 1 (1977) for a definition of negligence. The fact that there was an accident is not evidence of negligence. *Pittman v. Frost,* 261 N.C. 349, 134 S.E. 2d 687 (1964). In order for the evidence in the case sub judice to be submitted to the jury, the jury would have to be able to conclude that a reasonable man would not have accelerated the forklift while it was on the metal sheet, knowing the sheet might be pulled forward, causing the plaintiff to fall. We do not believe that the jury could so conclude. We hold that the directed verdict in defendant's favor was proper.

The plaintiff also urges that the case should have been submitted to the jury under the doctrine of res ipsa loquitur. "When an instrumentality which caused an injury to plaintiff is shown to be under the control and operation of the defendant, and the accident is one which, in the ordinary course of events, does not happen if those who have the management of it use the proper care, the occurrence itself is some evidence that it arose from want of care." *Kekelis v. Machine Works,* 273 N.C. 439, 160 S.E. 2d 320 (1968). The difficulty with the application of res ipsa loquitur in the case sub judice is that we can conclude from the evidence what caused the accident. It was caused when the forklift moved forward and pulled the steel plate from under the

plaintiff. We have held that this was not enough evidence to submit to the jury.

Affirmed.

Judge ARNOLD concurs.

Judge WELLS concurs in the result.