## In the Matter of: FRANK WALTERS.

(Filed 19 May, 1948)

**1. Constitutional Law § 19a—**

　　Ordinarily an officer may not invade a person's home except under authority of a search warrant issued in accord with pertinent statutory provisions. G. S., 15-25, *et seq.;* Constitution of N. C., Art. I, sec. 15; Fourth Amendment to the Constitution of the U. S.

**2. Same: Contempt § 2c—**

> Officers of the law sought entrance into respondent's home for the purpose of serving civil process on a third person. Respondent refused to permit the officers to enter. There was no evidence that the person sought was an inmate of or was actually in respondent's home at the time. *Held:* Respondent was within his rights in refusing admittance to the officers, and his act in so doing cannot be held for contempt of court on the ground that it tended to obstruct or embarrass the administration of justice.

**3. Process § 2—**

> Where more than ten days has elapsed since the issuance of summons, officers have no authority to serve summons or any process in the action issued without notice. G. S., 1-89.

Appeal by respondent from *Morris, J.,* December Term, 1947, Robeson. Reversed.

Proceeding heard on notice to respondent to appear and show cause why he should not be adjudged in contempt of court.

In a civil action pending in the Robeson County Superior Court to determine the custody of an infant, a temporary restraining order against the defendant therein, one Carlton Walters, son of respondent, was issued 14 November 1947, restraining him from interfering with the plaintiff therein in respect to the custody of said infant.

On 1 December, about 11:00 p.m., officers, having said restraining order and the summons and complaint in hand for service on Carlton Walters, went to the home of respondent for the purpose of serving same. Respondent and his wife declined to admit them without a search warrant and they left. While it appears the officers had information the defendant was at the home of respondent, there is no evidence tending to show that he was in fact an inmate of or was at respondent's home when the officers arrived.

On 2 December, Katie Sealey, one of the plaintiffs in the civil action, filed an affidavit setting forth that respondent had "interfered with and resisted the officers in the performance of their duties, wilfully, in that he positively forbade that the officers enter his home to serve the orders herein entered" and praying that a citation for contempt issue against respondent. Thereupon, the court issued its order citing respondent to appear and show cause why he should not be adjudged in contempt "for his wilful resistance of the officers of this Court, in the performance of their duties in this cause" and authorizing the officers, in serving or attempting to serve the citation and other process or orders in the case, "to enter homes, notwithstanding resistance, for the purpose of serving the process of this Court."

At the hearing on the citation the foregoing facts were made to appear. In addition, much testimony concerning extraneous matters was tendered and admitted. As such testimony in no wise affects the question here

presented, it is not here summarized. The court adjudged that "respondent has committed a contempt of this Court in the interference aforesaid in the matter of the obstructing, hindering and delaying the service of process in said civil action" and sentenced respondent to a term in jail. Respondent excepted and appealed.

*L. J. Britt and McLean & Stacy for respondent.*

BARNHILL, J. This case is not one to call forth any extended discussion of the law of contempt. It is charged that respondent committed an indirect or constructive contempt which is an act tending "to degrade the court or obstruct, interrupt, prevent, or embarrass the administration of justice." 12 A. J., 391.

There are circumstances under which the wilful interference with, or hindrance of, an officer in his attempt to serve process constitutes a contempt of the court issuing the process. 12 A. J., 407; Anno. 39 A. L. R., 1354. But no such circumstances appear in this record. All that respondent did was to decline to permit officers of the law to enter his home in the nighttime, without a search warrant, to search for a third party upon whom they desired to serve civil process, when it is not made to appear that the third party was either an inmate of or was present in his home at the time.

Ordinarily even the strong arm of the law may not reach across the threshold of one's dwelling and invade the sacred precinct of his home except under authority of a search warrant issued in accord with pertinent statutory provisions. G. S., 15-25 *et seq.* N. C. Const., Art. I, sec. 15; U. S. Const., Amend. IV. While there are exceptions to the rule, this is not one of them. Hence the officers wisely refrained from forcing their way into respondent's abiding place over his protest and objection. *Johnson v. U. S.,* L. Ed., Advance Opinions, Vol. 92, No. 8, decided 2 February 1948.

> "The world has nothing to bestow;
> From our own selves our joys must flow,
> And that dear hut, our home."

The respondent, in exercising a privilege vested in every citizen to choose those who shall come, or be forbidden to enter, within the confines of his dwelling, violated no law. Nor did his conduct constitute an unlawful or unwarranted interference with the administration of justice. In no sense was it contumacious. He may not now be punished therefor through the extraordinary prerogative writ of contempt. N. C. Const., Art. I, sec. 15; *Brewer v. Wynne,* 163 N. C., 319, 79 S. E., 629.

Furthermore, the summons was issued 14 November. The officers were attempting to serve it on 1 December, more than 10 days after its issuance and at a time when it should have been returned to the clerk with notation of nonservice. G. S., 1-89. The nature of the order dated 1 December, which the officer testified he had in hand for service, is not disclosed. In any event, it was issued without notice in a cause where summons had not been served and after the time for service thereof had expired.

The judgment below is

Reversed.