STATE v. JAMES CLARENCE HALL.

(Filed 2 June, 1965.)

**1. Searches and Seizures § 1—**

Protection against unlawful searches extends to the guilty as well as to the innocent, and an unlawful search without a warrant does not become lawful by the discoveries which result from it. Fourth and Fifth Amendments to the Federal Constitution, Art. I, § 15 of the Constitution of North Carolina.

**2. Same; Criminal Law § 79—**

The wife has no authority to consent to a search of the home in regard to the possessions of the husband, and therefore stolen property recovered from the home while the husband was lodged in jail is incompetent in evidence against him.

**3. Same—**

Where stolen property is obtained by the unlawful search of defendant's home without a warrant, and, upon confrontation, defendant admits he stole the property found and also admits that he stole other property to which he directs the officers, such other property is discovered by reason of defendant's admissions and not as the result of the search, and evidence in respect to such other property is not subject to objection of want of a search warrant.

**4. Criminal Law § 71—**

> Where a confession is obtained from defendant after confronting him with stolen property recovered from his home in an unlawful search without a warrant, the court must find whether such confession was actually free and voluntary or whether it was triggered by the use of the articles obtained by the illegal search.

**5. Criminal Law § 169—**

> Where the Supreme Court determines that incompetent evidence was admitted, the cause must be remanded for a new trial, and in such instance defendant is not entitled to a dismissal even though there is insufficient competent evidence in the record to sustain a conviction, since upon the retrial the State may be able to offer sufficient competent evidence to go to the jury.

APPEAL by defendant from *Fountain, J.,* September 14, 1964 Criminal Session, CHOWAN Superior Court.

The defendant was originally tried before Stevens, J., at the April Session, 1962, Chowan Superior Court, on two indictments. The first charged the larceny of a specifically described truck valued at $1,-000.00, and the second charged store breaking and the larceny of $100.00 in cash, one clock, and one radio of the value of $25.00, all the property of Edenton Feed and Livestock Corporation. The cases were consolidated for trial and judgment. Judge Stevens imposed a sentence of five to seven years in the State's prison.

In a Post Conviction Review of the original trial, Judge Fountain set aside the verdict and judgment and ordered a new trial upon the ground the defendant was not represented by counsel. At the new trial the evidence disclosed that the Edenton Feed and Livestock Corporation building in Chowan County was broken into on the night of December 23, 1960. One Hundred Dollars in currency, one clock, and one radio were taken from the building. The corporation's truck, worth $1,000.00 (left outside the building) was stolen. Sheriff Goodwin and SBI Agent Epps began an investigation.

The officers ascertained the defendant, who lived in Norfolk, Virginia, had visited his mother near Edenton about the time the offenses were committed. Other suspicious circumstances induced the officers to obtain a warrant charging the defendant with the above described offenses. They notified the Norfolk, Virginia, officers who advised them that the defendant was in custody there on a charge of larceny of an automobile.

Sheriff Goodwin and Agent Epps went to Norfolk jail and in the presence of the Virginia officers questioned the defendant with respect to the charges against him in North Carolina. He denied any connection with, or knowledge of, them. In the meantime, they ascertained the street address of the house where the defendant and his wife lived.

The officers of both states went to the house described in the evidence as the defendant's home, identified themselves as officers, and requested permission to search the house for stolen property. The defendant's wife consented to the search in which the officers found and took possession of the radio and clock later identified as the articles stolen from the feed store in Edenton.

With the stolen clock and radio in their possession, the officers returned to the jail to question the defendant about them. At this juncture the defendant asked to speak to the North Carolina officers alone. He confessed that he had broken into the store, stolen the clock and the radio, and the truck. He directed the officers to the place where they found, and took possession of the truck which was partially dismantled. The officers did not notify the defendant of their purpose and intent to search his house for the stolen articles and did not request his permission for the search. Instead, they requested and received from defendant's wife permission to search the dwelling without a warrant.

At the new trial the State introduced in evidence the stolen radio and clock, and the defendant's admissions with respect to the breaking, the theft of the articles, including the truck. From a verdict of guilty and a prison sentence of four to six years, the defendant appealed.

*T. W. Bruton, Attorney General, Richard T. Sanders, Assistant Attorney General for the State.*
*John W. Graham for defendant appellant.*

HIGGINS, J. The record comes to us in a condensed form as a pauper appeal. The evidence is somewhat equivocal as to the caution given by the officers to the defendant that he had a right to remain silent and was not required to answer questions, or that any statement he made might be used against him in court. On the other hand, the defendant's objections appear somewhat by inference. However, enough appears to warrant the trial court in finding the defendant was advised of his right to refuse to incriminate himself and likewise require this Court to consider the fundamental question whether, under the circumstances disclosed by the evidence, the wife could consent to a search of the defendant's dwelling without a search warrant and thereby permit the State to use the results of that search to convict the defendant. *State v. Elam*, 263 N.C. 273, 139 S.E. 2d 601; *Escobedo v. Illinois*, 378 U.S. 478, 84 S. Ct. 1758, 12 L. Ed. 977.

This is the factual background leading up to the search of the defendant's dwelling: The defendant was in jail. This the officers knew. They neither requested nor received his permission to make the search. The officers, no doubt, suspected they might turn up something incrim-

inating. They went to the house, confronted the defendant's wife with their identity as officers, and asked the privilege of searching the house. Nothing in the evidence indicates the officers had sufficient information to enable them to make the affidavit necessary to authorize the court to issue a search warrant. There is some question as to the extent the officers left the wife free to consent to the search, or whether the number of officers had a coercive effect sufficient to make her consent involuntary. *Amos v. U. S.,* 255 U.S. 313, 41 S. Ct. 266, 65 L. Ed. 654. The circumstances did not suggest to her anything better that she could do in the presence of so much "law" at a time when they had her husband in jail. The officers confronted the defendant with the clock and radio. He then admitted his guilt. Unless proper authority existed for the search of the dwelling, the search was unlawful. The protection extends to the justly as well as to the unjustly accused. *State v. Mills,* 246 N.C. 237, 98 S.E. 2d 329; *In Re Walters,* 229 N.C. 111, 47 S.E. 2d 709; *Agnello v. U. S.,* 269 U.S. 20, 46 S. Ct. 4, 70 L. Ed. 145. An unlawful search does not become lawful by the discoveries which result from it. Fourth and Fifth Amendments to the Constitution of the United States; Article I, Section 15, North Carolina Constitution; *Mapp v. Ohio,* 367 U.S. 643, 81 S. Ct. 1684, 6 L. Ed. 2d 1081.

If it be deemed the wife's consent as far as she was able to give it, was voluntary, we are still confronted with the question whether she was authorized to give her husband's consent to the search. The courts are not in agreement on this question. Divergent views are discussed and authorities cited in 47 Am. Jur., Search and Seizure, § 72:

> "The decisions are in conflict as to the implied authority of one spouse to consent to a search of the property of the other. In a number of cases, representing the weight of authority, it has been held a wife has no implied authority in the absence of her husband, to consent to a search of his property. So, also, a waiver of his constitutional right against unlawful search made by a husband has been held not to affect the rights of a wife as to property owned by her. But assuming that it is possible for a wife, in the absence of her husband, thus to waive his constitutional right against unreasonable search and seizure, under the doctrine of implied coercion mere acquiescence in a search of his premises by officers having an insufficient warrant will not render lawful a seizure by them. Upon the same assumption, a wife's admission of officers without a search warrant to her husband's premises upon their demand under alleged governmental authority that they be allowed to enter has been held not to effect a waiver of the husband's constitutional rights. In other cases, the view has been taken that the

wife has authority, in the absence of her husband, to permit the search." See, also, 31 A.L.R. 2d 1078.

This Court seems not to have passed on the right of the wife to consent to a search of a husband's dwelling. The majority view seems to fit in with our concept of the defendant's rights. We hold the wife's consent to the search was not sufficient to waive the husband's constitutional right to be "Secure . . . against unlawful search and seizures." We hold, therefore, that the possession of the radio and clock were unlawfully obtained. They were improperly admitted in evidence.

The stolen truck was recovered as a result of the admissions of the defendant and not as a result of the illegal search. Evidence with respect to the truck was not subject to the objections interposed against the admission of the clock and radio. However, the confession which led to its recovery was not made until the officers confronted the defendant in jail with the clock and radio which they had obtained as a result of a search which had violated his rights. At the next trial the court may determine whether the confession was actually free and voluntary or whether it was triggered by the use the officers made of the fruits of their illegal search to such an extent as to render it inadmissible in evidence.

The defendant's counsel has argued that the State's case against the defendant must fail when the radio and clock recovered by the illegal search and the confession which led to the recovery of the truck are excluded; and that this Court should order the case dismissed. However, the admission of incompetent evidence, as in this case, entitles the defendant to a new trial but does not work a dismissal of the case. The State may be able to offer sufficient competent evidence at the next trial. *State v. Littlejohn,* decided this day. For the reasons assigned, the Court holds the defendant is entitled to a

New trial.

SHARP, J., dissents.