STATE OF NORTH CAROLINA v. CARY WORTH JERMAN

No. 7026SC406

(Filed 18 November 1970)

1. Homicide § 21— second-degree murder prosecution — sufficiency of evidence

The State's evidence in this second-degree murder prosecution was sufficient to be submitted to the jury.

2. Criminal Law § 106— sufficiency of evidence to withstand nonsuit motion

Regardless of whether the evidence is direct, circumstantial, or both, if there is evidence from which a jury could find that the offense charged has been committed and that the defendant committed it, the motion for nonsuit should be overruled.

3. Criminal Law § 132— motion to set aside verdict

The motion to set aside the verdict as being contrary to the evidence is addressed to the sound discretion of the trial judge, whose ruling is not reviewable on appeal in the absence of manifest abuse of discretion.

APPEAL from *Anglin, J.,* 16 March 1970 Schedule "C" Criminal Session, MECKLENBURG Superior Court.

Defendant Jerman was charged with second-degree murder as a result of the fatal shooting of Glenn Trull at the place of business of the deceased on 9 August 1969. The State's evidence consisted of the testimony of five witnesses. The first witness, W. R. Trull, a member of the Meckenburg County Police force, testified that he observed the premises in question on 9 August 1969 and that when he arrived at the scene, the deceased was lying on the floor in a pool of blood with two bullet holes in his chest. Ronnie Ballard testified that he saw the defendant enter the barber shop of the deceased carrying a rifle. He then testified that the deceased went into the back part of his barber shop and that the defendant followed him. "The defendant, Mr. Jerman, went to the room and pushed the door open and there were some words, and then Mr. Jerman started shooting. He was shooting in the room. I saw the defendant, Cary Worth Jerman, shoot Glenn Trull." On redirect examination, Mr. Ballard identified the defendant as being the man that he saw shoot the deceased. "Yes sir, I can point him out. The defendant. In relation to the three people sitting at the table, he is in the middle." Joe Enos Lopez, Jr., then testified that he saw a man come through the door with a rifle. At this time he

grabbed up his two children and ran out the door, and he could not identify the man who came in with the rifle. Raymond John LeCosse then testified that he saw the defendant leave the barber shop and get in his pickup truck. Dr. Hobart R. Wood testified that he was a Medical Examiner for Mecklenburg County and that he performed an autopsy on the deceased. Defendant then stipulated through his counsel, that Glenn Roscoe Trull died of gunshot wounds on 9 August 1969.

At the close of the State's evidence, defendant's motion for judgment as of nonsuit was denied. Defendant offered no evidence but renewed his motion which was again denied. The jury returned a verdict of guilty, and defendant moved to set the verdict aside as being contrary to the evidence. This motion was denied.

*Attorney General Morgan by Staff Attorney Thomas B. Wood for the State appellee.*

*W. H. Scarborough for defendant appellant.*

MORRIS, Judge.

[1, 2] Defendant's first two assignments of error are directed to the denial of his motions for judgment as of nonsuit. Our Supreme Court has said in *State v. Cutler,* 271 N.C. 379, 156 S.E. 2d 679 (1967), that "(u)pon a motion for judgment as of nonsuit in a criminal action, the evidence must be considered by the court in the light most favorable to the State, all contradictions and discrepancies therein must be resolved in its favor and it must be given the benefit of every reasonable inference to be drawn from the evidence." Our Supreme Court has also said that "(r)egardless of whether the evidence is direct, circumstantial, or both, if there is evidence from which a jury could find that the offense charged has been committed and that defendant committed it, the motion to nonsuit should be overruled." *State v. Goines,* 273 N.C. 509, 160 S.E. 2d 469 (1968), and cases there cited. This Court has laid down the same tests in *State v. Williams,* 3 N.C. App. 463, 165 S.E. 2d 52 (1969). Applying these principles to the evidence in this case, it is obvious that there was plenary evidence from which the jury could find that the offense charged had been committed and that the defendant committed it. These assignments of error are overruled.

[3] "The motion to set aside the verdict as being contrary to the evidence was addressed to the sound discretion of the trial

judge, whose ruling is not reviewable on appeal in absence of manifest abuse of discretion." *State v. Massey*, 273 N.C. 721, 161 S.E. 2d 103 (1968). No abuse of discretion has been shown.

In the trial of this case in the Superior Court, we find

No error.

Judges BROCK and GRAHAM concur.