State v. Hart

STATE OF NORTH CAROLINA v. THOMAS GARLAND HART

No. 7112SC440

(Filed 14 July 1971)

Narcotics § 4— possession of marijuana — issue of defendant's guilt — sufficiency of evidence

    Issues of defendant's guilt of possessing more than one gram of marijuana and of possessing and transporting marijuana by means of a vehicle were properly submitted to the jury.

ON *certiorari* to review the order of *McKinnon, Judge,* 2 November 1971 Session of CUMBERLAND Superior Court.

Defendant was tried on two bills of indictment. One was for possession of more than one gram of marijuana; the other for possession and transportation of marijuana upon and by means of a vehicle. Defendant acting as his own counsel pleaded

State v. Hart

not guilty to both offenses. The jury found him to be guilty of both offenses, and he appealed from judgment entered on the verdict.

*Attorney General Morgan and Assistant Attorney General Hensey for the State.*

*Mitchel E. Gadsden for the defendant appellant.*

MORRIS, Judge.

By his first two assignments of error, defendant contends that the court should have granted his motion for judgment as of nonsuit.

The evidence for the State tended to show that several police officers, pursuant to the serving of a valid search warrant on defendant, found a quantity—9 grams—of marijuana, which was wrapped in several separate plastic bags, inside a bag of dog food. The bag of dog food was located in the kitchen of the house of the defendant. Defendant admitted to the police that this was his residence. The evidence also tended to show that a marijuana seed was found in the trunk of defendant's car pursuant to a search of the car with the express permission of the defendant, and that later, upon vacuuming the same trunk after the car had been impounded, a quantity of marijuana particles was recovered.

The evidence for the defendant tended to show that there were several men present in the kitchen of his home when the police made the search which resulted in the finding of the small plastic containers of marijuana in the dog food bag, that defendant knew nothing about the presence of the drug, and that one of those present could have placed the drug in the bag where it was found. Defendant also contended that he had not driven his car on the day the search was made and that he had lent his car to someone else the previous day and that he knew nothing about any marijuana being present in his car at any time.

"Upon a motion for judgment as of nonsuit in a criminal action, the evidence must be considered by the court in the light most favorable to the State, all contradictions and discrepancies therein must be resolved in its favor and it must be given the benefit of every reasonable inference to

be drawn from the evidence. (cites omitted.)" *State v. Cutler,* 271 N.C. 379, 156 S.E. 2d 679 (1967). *State v. Kirby,* 4 N.C. App. 380, 166 S.E. 2d 833 (1969).

"All of the evidence actually admitted, whether competent or incompetent, including that offered by the defendant, if any, which is favorable to the State, must be taken into account and so considered by the court in ruling upon the motion." *State v. Cutler, supra.*

"When the motion for nonsuit calls into question the sufficiency of circumstantial evidence, the question for the court is whether a reasonable inference of defendant's guilt may be drawn from the circumstances. If so, it is for the jury to decide whether the facts, taken singly or in combination, satisfy them beyond a reasonable doubt that the defendant is actually guilty." *State v. Rowland,* 263 N.C. 353, 139 S.E. 2d 661. (1965). See also *State v. Cook,* 273 N.C. 377, 160 S.E. 2d 49 (1968) ; *State v. Paschal,* 6 N.C. App. 334, 170 S.E. 2d 95 (1969).

"If there is substantial evidence—whether direct, circumstantial, or both—to support a finding that (1) the offense charged has been committed and (2) the defendant committed it, it is a case for the jury." *State v. Cook, supra. State v. Jerman,* 9 N.C. App. 697, 177 S.E. 2d 327 (1970).

It is obvious that, considered in the light most favorable to the State, the evidence in this case was sufficient for the question of the innocence or guilt of this defendant to be submitted to the jury. The first two assignments of error are without merit and are overruled.

Defendant's remaining assignment of error is to the failure of the court to advise defendant of his constitutional rights to be represented by counsel at his trial. An addendum to the record on appeal, ordered by this court in conference on 9 June 1971, conclusively shows that the defendant was fully advised of his right to be represented by counsel at his trial and that defendant knowingly and expressly waived this right in writing. The certificate of the court, also a part of the addendum to the record, unequivocally states that the waiver signed by

defendant was executed in the presence of the court after its meaning and effect had been fully explained to him.

In the trial of this case, we find

No error.

Judges BROCK and HEDRICK concur.