STATE OF NORTH CAROLINA v. JAMES WILLIAM TURNBULL

No. 7228SC786

(Filed 22 November 1972)

1. **Criminal Law § 84; Searches and Seizures § 1— valid search warrant — reasonable search — admissibility of fruits of search**

   The trial court did not err in failing to find that an entry and search by officers was conducted in an unreasonable manner where the evidence on voir dire showed that an officer had reasonable grounds to believe that a felony was being committed upon the premises in question, that the officer entered the premises under a valid search warrant after observing them for two hours, and that the officer identified himself and indicated his authority to search immediately upon his entry; therefore, defendant's motion to suppress evidence obtained during the search was properly denied.

2. **Narcotics § 4— possession of heroin — sufficiency of evidence for submission of case to jury**

   Evidence was sufficient to submit the case to the jury in a prosecution for possession of heroin where such evidence tended to show that defendant, at the time he was approached by officers, was no more than eight feet from an open closet in which heroin was found, that his eyes were glassy and sensitive to light, that he was slow in responding to questions, that there was evidence of fresh needle marks on his arm, that there was no odor of alcohol about him and that there was testimony that he was apparently under the influence of a depressant drug.

APPEAL from *Thornburg, Judge,* 10 July 1972 Session of Superior Court held in BUNCOMBE County.

Defendant was convicted on a valid indictment charging him with unlawful possession of heroin in violation of Schedule I of the North Carolina Controlled Substances Act.

Defendant entered a plea of not guilty and then moved to suppress evidence seized as a result of the search of the house in which defendant was arrested. Prior to empaneling the jury, the court conducted a *voir dire* during which defendant offered no evidence. The court made findings of fact to the effect that a law enforcement officer, armed with a valid search warrant, observed the premises in question for approximately two hours, stepped into the house through a door which was approximately six to eight inches open and, as he did so, identified himself to the persons in the house and indicated his authority to

State v. Turnbull

search. No one objected to his entry and it was not necessary to forcibly break open anything blocking entry. The court further found that the officer had reasonable grounds to believe that a felony or other infamous crime was being committed on the premises. The court then concluded as a matter of law that: (1) the Constitution of North Carolina, the Constitution of the United States and the laws of North Carolina were not violated by the officer in his manner of entry; (2) the search warrant under which he entered was a valid warrant; and (3) the evidence obtained pursuant to that warrant was admissible, having been legally obtained.

The State's evidence tended to show that when the officers entered the house, defendant was in the living room about six to eight feet from a doorless closet in which was found a cigarette package containing a bag of what was later identified as heroin. There were eleven other persons present in the house. After being advised of his rights, defendant was examined by the officers. They testified that defendant's eyes were "glassed," his pupils were very sensitive to light, he was "slow talking" and slow to respond to questions, he did not appear at all as a normal person would, there was no odor of alcohol on his breath and there was evidence of fresh needle punctures on defendant's arm. In the opinion of the officer, defendant's physical and mental faculties were appreciably impaired by the use of some depressant type drug. Heroin is a depressant. The search of the premises revealed two bags of heroin, six needles and syringes and two bottle cap "cookers" used to heat a mixture of heroin and water in preparation for injection. No illegal substances were found on defendant's person.

Defendant's evidence tended to show that he had not possessed or used any controlled substance, needle or syringe on the night of his arrest. He testified that he had been at the house about twelve hours, having left and returned once during that period. He testified to having consumed three or four beers prior to coming to the house. Defendant admitted having used drugs about three months prior to this arrest and he asserted that some of the needle puncture marks on his arm were from that previous use. He testified that he had discontinued the use of drugs due to having contracted hepatitis from a dirty needle. He also stated that he had a fresh needle mark on his left arm as a result of a blood test conducted in connection with tests for hepatitis.

Defendant was sentenced to serve three years imprisonment.

*Attorney General Robert Morgan by Parks H. Icenhour, Assistant Attorney General, for the State.*

*George W. Moore for defendant appellant.*

VAUGHN, Judge.

[1] Defendant challenges the court's ruling denying his motion to suppress the evidence obtained as a result of the search of the premises. Defendant contends that the entry made by the officers was illegal as a violation of G.S. 15-44. Defendant correctly observes that the question of whether there was an actual breaking of the door is not determinative of the issue. The right sought to be protected is the right against unreasonable searches and seizures. U.S. Const. amend. IV; N.C. Const. art. 1, § 20.

Ordinarily, an officer of the law may not enter a citizen's dwelling except under authority of a search warrant issued in accord with pertinent statutory provisions. *In re Walters,* 229 N.C. 111, 47 S.E. 2d 709. North Carolina has defined an unreasonable search to be an examination or inspection without authority of law of one's premises or person with a view to the discovery of some evidence of guilt to be used in the prosecution of a criminal action. *State v. Colson,* 274 N.C. 295, 163 S.E. 2d 376; *State v. Robbins,* 275 N.C. 537, 169 S.E. 2d 858.

"It is well settled, in both federal and state courts, that evidence obtained by unreasonable search and seizure is inadmissible. Fourth and Fifth Amendments to the United States Constitution; Article I, Section 15, [now Section 20], North Carolina Constitution; G.S. 15-27; *Mapp v. Ohio,* 367 U.S. 643, 6 L.Ed. 2d 1081, 81 S.Ct. 1684; *State v. Colson,* 274 N.C. 295, 163 S.E. 2d 376. However, the constitutional protection claimed by defendant does not extend to all searches and seizures, but only to those which are unreasonable." *State v. Reams,* 277 N.C. 391, 395, 178 S.E. 2d 65, cert. den. 404 U.S. 840, 30 L.Ed. 2d 74, 92 S.Ct. 133.

The wording of the Fourth Amendment to the United States Constitution would indicate that a valid search warrant is *prima facie* evidence of the reasonableness of the search. *Gouled v. U.S.,* 255 U.S. 298, 65 L.Ed. 647, 41 S.Ct. 261; *State v. Smith,*

State v. Turnbull

251 N.C. 328, 111 S.E. 2d 188. In any event, the reasonableness of the search is in the first instance a substantive determination to be made by the trial court from the facts and circumstances of the case and in the light of the criteria laid down by the Fourth Amendment and opinions which apply that amendment. *Ker v. California,* 374 U.S. 23, 10 L.Ed. 2d 726, 83 S.Ct. 1623; *State v. Howard,* 274 N.C. 186, 162 S.E. 2d 495; *State v. Robbins, supra; State v. Reams, supra.*

The findings of fact made by a trial judge at the end of a *voir dire* examination, if supported by competent evidence, are conclusive and no reviewing court may properly set aside or modify such findings. *State v. Barber,* 278 N.C. 268, 179 S.E. 2d 404. In the instant case, the findings of the trial court, supported as they are by competent evidence, support that court's conclusions of law holding the search valid. We hold that, upon the facts of this case, the court did not err in failing to find that the entry and search by the officers was conducted in an unreasonable manner. The evidence was admissible and defendant's motion to suppress the same was properly denied.

Defendant argues that the trial court erred in admitting evidence of controlled substances found in the bedroom of the house in which defendant was arrested. Defendant contends he was not a lessee of the premises and the introduction of evidence found in an area not clearly under his control was error. Defendant cites nothing in support of his position. In *State v. Cook,* 273 N.C. 377, 160 S.E. 2d 49, defendant Furr was not named in the search warrant nor was she a lessee of the premises, but she was present when a search revealed barbiturate capsules in the same room with the defendant and barbiturates found elsewhere in the house were held admissible against her. The evidence was properly admitted.

[2] Defendant contends that there was insufficient evidence to sustain the charge of possession of controlled substances and the trial court erred in denying defendant's motion to dismiss. If there is substantial evidence—direct, circumstantial or both—to support a finding that (1) the offense charged has been committed and (2) the defendant committed it, it is a case for the jury. *State v. Cook, supra; State v. Hart,* 12 N.C. App. 14, 182 S.E. 2d 254. In *State v. Cook, supra,* the North Carolina Supreme Court held that evidence that defendant Furr was unsteady on her feet, had glassy, dilated eyes, mumbled unin-

telligibly, seemed to be in a stupor, had no odor of alcohol about her and was apparently under the influence of drugs was evidence from which a reasonable inference of guilt could be drawn and required submission to the jury. In the present case, defendant was no more than eight feet from an open closet in which heroin was found, his eyes were glassy and sensitive to the light, he was slow in responding to questions, there was evidence of fresh needle marks on his arm, there was no odor of alcohol about him and there was testimony that he was apparently under the influence of a depressant drug. We hold that the evidence was sufficient to require submission of the case to the jury.

Defendant's remaining assignments of error have been considered and found to be without merit.

No error.

Judges HEDRICK and GRAHAM concur.