STATE OF NORTH CAROLINA v. GRADY BURTON, JR.

No. 7426SC316

(Filed 7 August 1974)

1. Criminal Law § 75— handing hat to defendant — statement by defendant — absence of Miranda warnings

    Testimony that a police officer handed defendant a hat found at the scene of a robbery and defendant said "Thank you" and placed the hat in his lap was admissible although defendant had not been given the Miranda warnings since defendant's statement was not the result of interrogation and was voluntary.

2. Criminal Law § 66— picking out wrong man in lineup — exclusion of testimony

    The trial court did not err in refusing to permit a detective to testify that the victim had picked out the wrong man in a lineup where the victim testified at the trial that he was still unable to identify the defendant.

3. Criminal Law § 112— refusal to instruct on circumstantial evidence

    The trial court in a robbery case did not err in failing to instruct on circumstantial evidence as requested by defendant in writing where the evidence in the case was direct.

APPEAL by defendant from *Grist, Judge,* 26 November 1973 Session of MECKLENBURG County Superior Court.

The defendant was charged in a bill of indictment with the felony of attempted armed robbery. A plea of not guilty was entered. From a verdict of guilty as charged and an active sentence of eighteen to twenty-five years imposed thereon, the defendant gave notice of appeal.

The State's evidence showed that the victim of the crime, Edwin Wossick, was seventy-four years old and lived in Edwin Towers, an apartment facility for the elderly located in down-

town Charlotte. On 9 March 1973, Wossick had gone to Belks Department Store a few blocks away from his apartment and purchased a shirt. He was returning to his apartment at about 8:15 p.m. when he heard someone behind him say "Sir," and he turned around. A co-defendant, Larry McFarland, had a pistol pointed at Wossick when he turned around. Wossick started to shout and McFarland shot him in the leg, stating that he would shoot higher if Wossick didn't be quiet. Wossick continued to shout, and the co-defendant McFarland shot him twice more, the second time higher in the leg and the third time in the groin. McFarland threw Wossick to the ground and the defendant crossed the street and joined them. The defendant searched Wossick and stated to McFarland, "I don't find anything here." Both defendants then ran away.

Paul Morgan testified that he worked for the Charlotte Fire Department and was at the station near the scene of the crime. He saw the two defendants walking down the street behind the victim and later heard the shots. He ran outside and saw the defendant pulling Wossick to the ground. He stated that the man who ran up and searched Wossick had on a white hat.

Officer J. C. Robbins testified that he received the call that the robbery had taken place and proceeded immediately to the scene of the crime. A short distance away, he and his partner noticed a suspect lying underneath a car parked in the street. They ordered him to come out and placed him under arrest. The defendant Burton was the person who was found under the car. His hair was in small braids or pigtails which covered his whole head. This took place approximately one block from where Edwin Towers were located.

The other perpetrator of the crime, Larry McFarland, testified for the State. He stated that he had known the defendant Burton for ten or twelve years. He testified that on the date in question he had been drinking liquor with some friends. He met the defendant Burton, and they had some conversation about going and making some money. Burton said he had a pistol at home and would go get it. They proceeded to drive around until they saw Wossick walking down the street. At that time Burton gave the pistol to McFarland. McFarland panicked after the shots were fired, hollered to Burton, and ran. He testified that he did remember seeing Burton beside the victim. He further testified that Burton was wearing a knit cap with some white on it, and that Burton's hair had braids in it. McFarland also

tried to hide underneath a parked car but was discovered and apprehended by the police.

Officer H. L. Kuchenbrod testified that he went to the scene of the crime and discovered a white hat on the walkway where the attempted robbery took place. He testified that he took it to the police station. The defendant Burton was in custody at the station at that time. Officer Kuchenbrod walked over to Burton and handed him the hat. Burton said "Thank you" and placed it in his lap.

Detective D. W. Kirkpatrick testified that he interrogated the defendant on the following day. Before asking him any questions, he warned him of his constitutional rights and had him execute a waiver, which was introduced into evidence. The defendant admitted to Detective Kirkpatrick that the hat belonged to him, but said he did not remember where he had lost it.

Following objection by the defendant, the trial court conducted a voir dire examination outside the presence of the jury. Based upon the evidence presented, the trial court concluded that the defendant was warned of his constitutional rights at the scene of the arrest and again the following morning at the police station. The court further held that the statements were freely and voluntarily made by the defendant, and they were admitted into evidence.

*Attorney General Robert Morgan, by Assistant Attorney General Rafford E. Jones for the State.*

*Martin, Howerton and Williams, by Neil C. Williams for the defendant.*

CARSON, Judge.

[1]  The defendant first contends that the trial court committed error by allowing into evidence the statements made by the defendant on the night of the arrest and the following day concerning ownership of the hat. The defendant maintains that Officer Kuchenbrod tricked him by handing him the hat and the fact that he said "Thank you" and placed it in his lap was protected by the *Miranda* decision and should not have been admitted into evidence. We do not believe that the holding of the *Miranda* case should be extended to extemporaneous statements of this nature. *Miranda v. Arizona,* 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed. 2d 694 (1966). The defendant was not

being interrogated at the time, and his statement was voluntary. It was not made in response to a question put to him by a law enforcement officer. Having been voluntarily given by the defendant, it was admissible for the jury's consideration. *Miranda v. Arizona, supra; State v. Jackson,* 280 N.C. 563, 187 S.E. 2d 27 (1972).

The defendant admitted the following morning to Detective Kirkpatrick that the hat was his. The trial judge conducted a lengthy voir dire and made findings of fact and conclusions of law based thereon. His findings were supported by competent evidence and will not be disturbed on appeal. *State v. Barber,* 278 N.C. 268, 179 S.E. 2d 404 (1971); *State v. Turnbull,* 16 N.C. App. 542, 192 S.E. 2d 689 (1972).

[2] The defendant next contends that the court committed error in not allowing Detective Kirkpatrick to testify that the victim Wossick picked out the wrong man in the lineup. Detective Kirkpatrick had previously said that the victim was unable to identify the defendant at the lineup. If the victim had been able to identify the defendant in court, his identifying someone else at the lineup would be admissible as a prior inconsistency. *State v. Penley,* 277 N.C. 704, 178 S.E. 2d 490 (1971); *State v. Jenkins,* 8 N.C. App. 532, 174 S.E. 2d 690 (1970); Stansbury's N. C. Evidence (Brandis Revision), Witnesses, § 46. However, at the trial the victim stated that he was still unable to identify the defendant. For that reason the court acted properly in sustaining the objection to that question.

[3] The defendant contends that the court committed error in not instructing the jury on circumstantial evidence. A written request for such instruction was submitted to the court before its charge to the jury. Counsel for defendant admits that no case has been found in which the defendant requested in writing a special instruction on circumstantial evidence prior to the charge and the court failed to give such instructions. The evidence in this case was direct, and we do not feel that the court committed error in refusing to charge on circumstantial evidence. The defendant contends that the court committed error in not granting his motion for nonsuit and, furthermore, that the court committed error in not giving equal stress to the contentions of the parties. We do not feel that either of these contentions has merit. We have examined the record and the

charge to the jury, and we hold that the defendant received a fair trial, free from prejudicial error.

No error.

Judges BRITT and HEDRICK concur.