### STATE v. HOWARD FRANKLIN SEALY.

(Filed 20 January, 1961.)

**1. Automobiles § 17—**

   Failure to stop in obedience to duly erected signs before entering an intersection with a dominant highway is not negligence or contributory negligence *per se*, but is a circumstance to be considered with the other facts and circumstances in evidence on the question. G.S. 20-158.

**2. Automobiles § 56: Negligence § 31—**

   Culpable negligence in the law of crimes imports more than actionable negligence in the law of torts, and while an intentional, willful or wanton violation of a safety statute or ordinance, which proximately results in death or injury, is culpable negligence, the unintentional violation of such ordinance is not culpable negligence unless accompanied by a reckless or heedless indifference to the safety of others, under circumstances from which injury or death to others is reasonably foreseeable.

**3. Automobiles § 56—**

   An instruction to the effect that if the jury found from the evidence beyond a reasonable doubt that defendant violated the statutory requirement that he bring his vehicle to a stop before entering upon an intersection with a dominant highway, and that such failure was the proximate cause of the deaths of named persons, defendant would be guilty of manslaughter, must be held for prejudicial error, even though in another part of the charge the court correctly instructs the jury upon this aspect of the law.

APPEAL by defendant from *Burgwyn, Emergency Judge,* February Special Criminal Term, 1960, of ROBESON.

This is a criminal action tried upon two bills of indictment charging the defendant with manslaughter in the death of one Ralph Bullock

and in the death of one Guthrie Johnson Rhodes. The cases were consolidated for trial.

Bullock and Rhodes were killed in an automobile collision on 29 August 1959 about 9:45 p.m. The automobile in which they were riding was being operated in a westerly direction on a dominant highway known as the Bethesda Church Road, in Robeson County, when they were struck by an automobile being operated by the defendant in a southerly direction along Wiregrass Road, a servient highway, at the intersection of the two roads. Stop signs had been erected at the intersection of the servient highway directing traffic to stop before entering the Bethesda Church Road.

The defendant offered evidence tending to show that he stopped before entering the interesection and that he did not see the lights of the approaching car.

The jury returned a verdict of guilty of involuntary manslaughter as to both bills and the defendant was sentenced to from three to five years in each case, the sentences to run concurrently.

The defendant appeals, assigning error.

*Attorney General Bruton, Asst. Attorney General Hooper for the State.*

*Hackett & Weinstein for defendant.*

DENNY, J. The defendant assigns as error those portions of the court's charge to the jury hereinafter set out. The court, after having read to the jury G.S. 20-158 (the statute which requires the driver of a motor vehicle to stop before entering or crossing certain through highways), and G.S. 20-140 (the statute defining reckless driving), charged: "If you find from the evidence in this case, * * * beyond a reasonable doubt that the defendant intentionally violated one or more of the statutes read to you, designed and intended to protect human life, and * * * that such intentional violation thereof was the proximate cause of the death of the deceased, then it would be your duty to return a verdict of guilty of involuntary manslaughter.

" * * * (I)f you are satisfied from the testimony beyond a reasonable doubt that the driver of this car, the defendant in this case, Mr. Howard Franklin Sealy, was operating his motor vehicle in violation of the statute, in respect to stopping at the stop sign, * * * and that such action on his part was the proximate cause of the death of these two men, you would find him guilty of involuntary manslaughter."

The above instructions are conflicting and the State concedes error in the latter. According to the provisions of G.S. 20-158, a violation

thereof is not negligence *per se* in any action at law for injury to person or property, but the failure to stop at a stop sign before entering an intersection with a dominant highway may be considered with other facts in the case in determining whether or not under all the facts and circumstances involved, such driver was guilty of negligence or contributory negligence. *Hill v. Lopez,* 228 N.C. 433, 45 S.E. 2d 539; *Primm v. King,* 249 N.C. 228, 106 S.E. 2d 223.

"Culpable negligence in the law of crimes necessarily implies something more than actionable negligence in the law of torts." *S. v. Phelps,* 242 N.C. 540, 89 S.E. 2d 132; *S. v. Becker,* 241 N.C. 321, 85 S.E. 2d 327; *S. v. Cope,* 204 N.C. 28, 167 S.E. 456; *S. v. Stansell,* 203 N.C. 69, 164 S.E. 580.

"An intentional, wilful or wanton violation of a statute or ordinance, designed for the protection of human life or limb which proximately results in injury or death, is culpable negligence." *S. v. Cope, supra.* But, where there is an unintentional or inadvertent violation of the statute, such violation standing alone does not constitute culpable negligence. The inadvertent or unintentional violation of the statute must be accompanied by recklessness of probable consequences of a dangerous nature, when tested by the rule of reasonable prevision, amounting altogether to a thoughtless disregard of consequences or of a heedless indifference to the safety of others. *S. v. Hancock,* 248 N.C. 432, 103 S.E. 2d 491; *S. v. Miller,* 220 N.C. 660, 18 S.E. 2d 143.

Other assignments of error need not be considered or discussed since they may not arise on another hearing.

The defendant is entitled to a new trial and it is so ordered.

New trial.