STATE OF NORTH CAROLINA v. RAYMOND RIER WILLIAMS

No. 689SC464

(Filed 15 January 1969)

**1. Criminal Law § 106— motion for nonsuit — sufficiency of evidence**

Motion to nonsuit in a criminal prosecution is properly denied if there is any competent evidence to support the allegations of the warrant or bill of indictment, considering the evidence in the light most favorable to the State, and giving it the benefit of every reasonable inference fairly deducible therefrom.

**2. Homicide § 21— manslaughter — culpable negligence — intoxication, speeding, intentional failure to stop at stop sign**

In this manslaughter prosecution, motion for nonsuit is properly denied where the State's evidence tends to show that while intoxicated and driving at an excessive speed, defendant intentionally failed to stop at a stop sign and struck the automobile of decedent, causing his death, the evidence being sufficient to show culpable negligence on the part of defendant.

**3. Homicide § 27— involuntary manslaughter — instructions**

In this manslaughter prosecution, any error in the definition of manslaughter given in the initial part of the charge was cured later in the charge by the court's instruction that a violation of G.S. 20-158 is not negligence *per se*.

**4. Criminal Law § 170— remarks of solicitor in jury argument invited by remarks of defense counsel**

Assignment of error to remarks made by the solicitor in his argument to the jury to which defendant objected is overruled where the record discloses the remarks were invited by remarks of defense counsel in addressing the jury, the control of arguments of the solicitor and of counsel being left largely to the discretion of the trial judge.

APPEAL by defendant from *Carr, J.,* at the 15 July 1968 Session of GRANVILLE Superior Court.

By indictment proper in form, defendant was charged with manslaughter in the death of Joe N. Bullock, which charge grew out of an intersection collision in the town of Creedmoor between an automobile driven by defendant and one driven by the decedent.

At trial, the State's evidence tended to show the following:

On 31 August 1967 at about 9:30 p.m., defendant was driving west on Brassfield Road (Church Street) and decedent was driving south on N. C. Highway No. 50 (Main Street). Defendant failed to stop in observance of a stop sign erected on Brassfield Road, drove across the eastern lane of Main Street and struck the left side of the Bullock car. Immediately before the collision, defendant was observed speeding as he passed a house located some 110-120 feet east of the intersection. Debris at the scene indicated that the collision occurred at the point where the westbound lane of Brassfield Road intersected the southbound lane of Main Street. There were skid marks leading to the Bullock car, but no skid marks connected with defendant's car except those made by it in spinning around after the collision. Defendant's car came to rest with its rear end in a ditch at the southwest corner of the intersection, the front of the car facing east. The Bullock car was located behind the defendant's car. The first persons to arrive at the scene following the collision found the defendant sitting sidewise in the seat of his car, slumped over, with his feet hanging out the door and his chin in his hands.

At least four witnesses, including the Creedmoor Chief of Police, a woman and a medical doctor, who went to the scene immediately after the collision, testified that the defendant was under the influence of intoxicating beverage. Several witnesses testified that defendant was drunk to the extent that he was using vulgar and profane language and had to be strapped to a stretcher.

Defendant was also charged with failing to stop at a stop sign and pled guilty to the charge in the Creedmoor Court. He testified in his own behalf, admitted drinking one beer before leaving his home in Franklinton and stated that he slowed to 5 or 10 mph before entering the intersection after looking left and right and observing no approaching vehicle.

Defendant also offered medical testimony tending to show that the death of Mr. Bullock was the result of a pre-existing heart condition combined with the injuries received in the collision. Other medical testimony was to the effect that injuries received in the collision were the major cause of death.

Defendant's motions for nonsuit were overruled, and from judgment on the jury verdict of guilty, defendant appealed.

*Attorney General T. Wade Bruton by Assistant Attorney General William W. Melvin and Staff Attorney T. Buie Costen for the State.*

*Hubert H. Senter for defendant appellant.*

BRITT, J.

The first question presented by this appeal is whether the evidence was sufficient to overcome the defendant's motions for nonsuit.

[1] "Motion to nonsuit in a criminal prosecution is properly denied if there is any competent evidence to support the allegations of the warrant or bill of indictment, considering the evidence in the light most favorable to the state, and giving it the benefit of every reasonable inference fairly deducible therefrom. If there is more than a scintilla of competent evidence to support the allegations of the warrant or bill of indictment, motion to nonsuit is properly denied. * * * If there is any evidence tending to prove the fact of guilt or which reasonably conduces to this conclusion as a fairly logical and legitimate deduction, and not such as merely raises a suspicion or conjecture of guilt, it is for the jury to say whether they are convinced beyond a reasonable doubt of the fact of guilt." 2 Strong, N. C. Index 2d, Criminal Law, § 106, p. 654.

[2] The defendant contends that the State failed to present evidence of culpable negligence resulting in the accident and death. Clearly, there was evidence which, if believed, justified the jury finding that the defendant was driving under the influence of intoxicating liquor at the time of the collision. This, standing alone, was found insufficient in *State v. Tingen*, 247 N.C. 384, 100 S.E. 2d 874, but in that case, Higgins, J., noted the absence of any causal connection with the injury, and there was no evidence whatever of speed or reckless driving. In this case, however, the defendant admitted violating G.S. 20-158; there was evidence of excessive speed only 120 feet from the intersection and of an absence of skid marks from defendant's car, and defendant's own testimony permits the inference that he knew the status of right-of-way at the intersection and that his violation of 20-158 was intentional. The case of *State v. Sealy*, 253 N.C. 802, 117 S.E. 2d 793, where there was no evidence of intent or recklessness, is also distinguishable.

The evidence was ample to meet the requirements for culpable

negligence set forth in *State v. Cope*, 204 N.C. 28, 167 S.E. 456, and that such culpable negligence resulted in the death of Mr. Bullock. The motions for nonsuit were properly overruled.

[3] Defendant assigns as error a definition of involuntary manslaughter given by the trial judge in the initial part of his charge to the jury. If there was any defect in the challenged statement, it was cured later in the charge when the judge declared that a violation of G.S. 20-158 is not negligence *per se*.

In his brief, defendant brings forward and argues other assignments of error relating to the judge's charge to the jury, but a careful review of the charge as a whole impels us to conclude that it contains no error prejudicial to the defendant.

[4] Defendant assigns as error certain remarks made by the solicitor in his argument to the jury to which defendant objected. The record discloses that the remarks of the solicitor apparently were invited by remarks of defendant's counsel in addressing the jury. In such instances, the control of arguments of solicitor and of counsel to the jury must be left largely to the discretion of the trial judge. *State v. Seipel*, 252 N.C. 335, 113 S.E. 2d 432. The assignment of error is overruled.

We have carefully considered the other assignments of error asserted by the defendant, but finding them without merit, they are overruled. The defendant was provided with a fair trial in which we find

No error.

BROCK and PARKER, JJ., concur.