STATE OF NORTH CAROLINA v. JOSHUA MOORE

No. 778SC265

(Filed 21 September 1977)

1. **Criminal Law § 26.5— murder in perpetration of felonious assaults—dismissal of murder charge—refusal to dismiss assault charges—doctrine of merger**

    In a prosecution for two felonious assaults and for murder committed during perpetration of the assaults, the doctrine of merger did not require dismissal of the felonious assault charges when the murder charge was dismissed at the conclusion of the State's evidence.

2. **Criminal Law § 102.12— dismissal of murder charge—argument relating to punishment for murder**

    Where defendant was placed on trial for murder and two felonious assault charges, but the murder charge was dismissed at the conclusion of the State's evidence, the trial court did not err in sustaining an objection to defense counsel's argument relating to the possibility of life imprisonment facing defendant when the trial began since a comment relating to a possible sentence under the murder charge was neither relevant nor material to the remaining assault charges.

APPEAL by defendant from *Tillery, Judge*. Judgment entered 2 December 1976 in Superior Court, GREENE County. Heard in the Court of Appeals 24 August 1977.

Defendant was indicted for: (1) the murder of Patricia Ann Suggs; (2) assault with intent to kill and inflicting serious injury upon William Earl Speight; and (3) assault with intent to kill and inflicting serious injury upon Jesse Ray Jones. The defendant pled not guilty to all three charges. The trial judge dismissed the murder charge at the close of the State's evidence, and the jury returned a verdict of guilty of misdemeanor assault with a deadly weapon as to the other two indictments. From a judgment sentencing him to imprisonment for two years for the Speight assault and 12 months for the Jones assault, to run consecutively, defendant appealed.

State's evidence tended to show that on 16 May 1976 between 8:00 and 9:00 p.m. a group of people were gathered in the front of several stores in the community of Maury; that William Earl Speight had shown a pistol to several people; that Speight placed his gun in his pocket and was walking from one store to the next when the defendant came out of an alley between the stores and fired several shots in the direction of Speight, striking Speight in the neck and Jones in the arm; that Speight, after falling as a result of his wound, drew his pistol and fired in the direction of the defendant but his bullet struck and killed Patricia Ann Suggs who was stand-

ing near the defendant; and that the defendant fired first, without provocation from Speight.

The defendant asserted that he shot Speight in self-defense and offered evidence tending to show that when he walked out from between the stores Speight had the pistol drawn; that Speight's pistol was pointed at the defendant; that Speight fired first; and that the defendant drew and fired his pistol only after being fired upon by Speight and then fired only once.

*Attorney General Edmisten, by Associate Attorney Richard L. Griffin, for the State.*

*Turner and Harrison, by Fred W. Harrison, and I. Joseph Horton, for defendant appellant.*

MORRIS, Judge.

[1] The defendant's first assignment of error is directed to the court's failure to grant a nonsuit as to the two assault charges at the close of all the evidence. In support of this assignment of error the defendant argues that the indictment for murder was based upon the felony assault charge under the felony murder theory and that the doctrine of merger operates so as to require the dismissal of the assault charge upon the dismissal of the murder charge. Defendant asserts that failure to dismiss the assault charge places the defendant twice in jeopardy. We disagree.

The common law doctrine of merger is a judicial tool to prevent the subsequent prosecution of a defendant for a lesser included offense once he has been acquitted or convicted of the greater. It is primarily a device to prevent the defendant from being placed twice in jeopardy for the same offense. 22 C.J.S., Criminal Law, § 10. The defendant asserts that the failure of the felony murder charge should require the judge to nonsuit the State as to the assault charge at the same trial, but gives no authority for such a proposition, and our research reveals none. The cases relied upon by the defendant hold that a defendant, convicted and sentenced for murder based upon a felony murder theory cannot also be sentenced for the lesser included felony since the lesser included felony is said to have merged into the murder charge, the lesser charge having been proved as essential elements in the offense of murder. *State v. Peele*, 281 N.C. 253, 188 S.E. 2d 326 (1972); *State v. Carroll*, 282 N.C. 326, 193 S.E. 2d 85 (1972). In the instant case there was no murder conviction, but rather a dismissal of the murder charge. The cases cited do not support the proposition that the doctrine of merger be

State v. Moore

extended to require the dismissal of all lesser included charges upon the dismissal of the murder charge. The defendant cites authority to the effect that a defendant acquitted of a greater offense cannot subsequently be tried for a lesser included offense. *State v. Thompson*, 280 N.C. 202, 185 S.E. 2d 666 (1972); *State v. Hatcher*, 277 N.C. 380, 177 S.E. 2d 892 (1970). This rule of law does not aid the defendant, however, for he was not subjected to a subsequent prosecution. The defendant was on trial under three indictments and only one — the murder charge — was dismissed. The trial continued upon the assault indictments. The defendant asserts that the prohibition against double jeopardy prohibits prosecution under the assault indictments since they, having merged with the murder charge, should have been dismissed when the murder charge was dismissed. Apparently, the defendant's reasoning is that the continued prosecution under the assault indictments after the point at which they should have been dismissed, constitutes a second prosecution. Having decided that the assault charges had not merged so as to require their dismissal with the murder charge, the contention regarding double jeopardy becomes groundless.

[2] The defendant's second assignment of error is directed to the court's limitation of defense counsel's argument before the jury. The trial judge sustained an objection to the defense attorney's comment relating to the possibility of life imprisonment facing defendant when the trial began. Defendant contends that G.S. 84-14, which, in part, provides that ". . . the whole case as well of law as of fact may be argued to the jury" confers upon counsel the right to have presented this argument. At issue is whether the "whole case" under the statute would include the murder indictment no longer before the jury because of its dismissal by the trial judge. The case before the jury at the time of counsel's argument consisted of the two assault indictments. The murder charge had been dismissed and comment relating to a possible sentence under that charge was neither relevant nor material to the remaining assault charges before the jury and was not within the protection of the statute. The trial judge is allowed discretion in controlling the arguments before the jury and he may restrict comment on facts not material to the case. *State v. Seipel*, 252 N.C. 335, 113 S.E. 2d 432 (1960); *State v. Williams*, 3 N.C. App. 463, 165 S.E. 2d 52 (1969). The murder charge, having been dismissed, was no longer material to the case before the jury, and it was within the judge's discretion to restrict comment relating to it.

No error.

Chief Judge BROCK and Judge BRITT concur.