STATE OF NORTH CAROLINA v. THOMAS EVANS, Defendant

No. COA96-282

(Filed 4 February 1997)

1. **Constitutional Law § 199 (NCI4th); Criminal Law § 1096 (NCI4th Rev.)— use of firearm—enhancement of kidnapping sentence—consecutive sentence for armed robbery—not double jeopardy**

    The trial court's enhancement of defendant's sentence for kidnapping under N.C.G.S. § 15A-1340.16A for use of a firearm and imposition of a consecutive sentence for armed robbery did not impose multiple punishments for the same conduct in violation of defendant's right against double jeopardy.

    **Am Jur 2d, Criminal Law §§ 279, 551, 552.**

    **Seizure or detention for purpose of committing rape, robbery, or other offense as constituting separate crime of kidnapping. 39 ALR5th 283.**

**2. Appeal and Error § 155 (NCI4th)— failure to object—failure to argue plain error or preservation by rule or law—waiver of appellate review**

Defendant waived appellate review of an issue as to whether the trial court abused its discretion by finding certain mitigating factors in one judgment but failing to do so in other judgments where defendant made no objection to the trial court's failure to make such findings, and defendant presented no argument as to how the alleged error amounted to plain error or is preserved by rule or law.

**Am Jur 2d, Trial §§ 707, 1999.**

Appeal by defendant from judgment entered 23 October 1995 by Judge Abraham P. Jones in Wake County Superior Court. Heard in the Court of Appeals 6 January 1997.

*Michael F. Easley, Attorney General, by Neil Dalton, Assistant Attorney General, for the State.*

*John F. Oates, Jr. for defendant-appellant.*

WYNN, Judge.

At about 2:00 a.m. on 9 September 1995, defendant entered the Raleigh restaurant where he worked just as the dining room manager closed out the day's business and locked the money in the safe. Dressed in black, wearing a ski mask over his face and wielding a gun, defendant threatened the manager at gunpoint, tied her up, bound her mouth, nose and eyes with duct tape and then pistol-whipped her. He then took the money out of the safe and hid it in a bag along with his disguise and several other incriminating items in a stairwell just outside the entrance of the restaurant.

Police officers discovered the hidden evidence during their investigation on the night of the robbery and apprehended the defendant when he attempted to retrieve the items from the stairwell. Defendant confessed to the crime and gave police a written statement explaining that he was under the influence of drugs on the night of the crime and blaming his drug problem for his actions.

At trial, defendant pled guilty to assault with a deadly weapon with intent to kill inflicting serious bodily injury, first degree kidnapping, possession of cocaine and armed robbery. After a sentencing hearing, the trial court made findings of mitigating and aggravating

factors for each charge. The trial court, after determining that the factors in aggravation outweighed the factors in mitigation, imposed aggravated sentences for assault with a deadly weapon with intent to kill inflicting serious bodily injury and armed robbery. As to kidnapping and possession of cocaine, the trial court found that the mitigating factors outweighed the aggravating factors, but under N.C. Gen. Stat. § 15A-1340.16A (Cum. Supp. 1996) enhanced the sentence for kidnapping by sixty months for use of a firearm. Defendant appeals from the sentences imposed.

---

On appeal, the defendant raises two issues: (I) Whether the trial court imposed double punishment for the same conduct in violation of both the state and federal constitutions by enhancing the sentence for kidnapping under N.C.G.S. § 15A-1340.16A and then imposing a consecutive sentence for armed robbery, and (II) Whether the trial court abused its discretion by finding certain mitigating factors in one judgment but failing to do so in the other judgments. We find no merit to defendant's appeal.

## I.

[1] Defendant first assigns as error the trial court's enhancement under N.C.G.S. § 15A-1340.16A of his sentence for kidnapping followed by the imposition of a consecutive sentence for armed robbery. He argues that the trial court's actions violated the constitutional prohibition on double jeopardy by imposing multiple punishments for the same offense. We find no merit to this argument.

Our Supreme Court has held that "where evidence to support two or more offenses overlaps, double jeopardy does not occur unless the evidence required to support the two convictions is identical." *State v. Murray*, 310 N.C. 541, 548, 313 S.E.2d 523, 529 (1984), *overruled on other grounds by State v. White*, 322 N.C. 506, 369 S.E.2d 813 (1988).

"[K]idnapping is an unlawful, nonconsensual confinement, restraint or removal from one place to another [of a person] for the purpose of committing specified acts." *State v. Claypoole*, 118 N.C. App. 714, 717, 457 S.E.2d 322, 324 (1995). Under N.C. Gen. Stat. § 14-39 .(Cum. Supp. 1996), the offense is kidnapping in the first degree and is a Class C felony "[i]f the person kidnapped either was not released by the defendant in a safe place or had been seriously injured or sexually assaulted."

N.C.G.S. § 15A-1340.16A provides:

> If a person is convicted of a Class A, B1, B2, C, D, or E felony and the court finds that the person used, displayed, or threatened to use or display a firearm at the time of the felony, the court shall increase the minimum term of imprisonment to which the person is sentenced by 60 months.

This firearm enhancement does not apply, however, if "evidence of the use, display, or threatened use or display of a firearm is needed to prove an element of the underlying . . . felony." N.C.G.S. § 15A-1340.16A. Clearly, in the subject case defendant's sentence for first degree kidnapping was appropriately enhanced under this statute and did not subject defendant to multiple punishments for the same offense.

Moreover, armed robbery and kidnapping are two distinct criminal statutes which require proof of different elements. Therefore, the punishment of each of these separate offenses by consecutive sentences does not violate the constitutional prohibition against double jeopardy. *See State v. Morgan*, 118 N.C. App. 461, 455 S.E.2d 490 (1995).

## II.

[2] Defendant lastly contends that the trial court abused its discretion by finding certain mitigating factors in one judgment but failing to do so in the other judgments. However, a party must present to the trial court a timely request, objection or motion in order to preserve a question for appellate review. N.C.R. App. P. 10(b)(1). Barring such an objection, the defendant bears the burden of "establish[ing] his right to review by asserting in what manner the exception is preserved by rule or law or, when applicable, how the error amounted to a plain error or defect affecting a substantial right which may be noticed although not brought to the attention of the trial court." *State v. Oliver*, 309 N.C. 326, 335, 307 S.E.2d 304, 312 (1983).

The record in the subject case indicates that defendant made no objection to the trial court's failure to make the findings at issue. Moreover, defendant presents no argument as to how the alleged errors amount to plain error or are preserved by rule or law. Thus, defendant has waived appellate review of this issue. *State v. Robbins*, 319 N.C. 465, 525, 356 S.E.2d 279, 314, *cert. denied*, 484 U.S. 918, 98 L. Ed. 2d 226 (1987).

For the foregoing reasons, we affirm the sentence imposed by the trial judge.

Affirmed.

Chief Judge ARNOLD and Judge SMITH concur.