STATE OF NORTH CAROLINA v. JAMES D. RICH

No. COA97-892

(Filed 7 July 1998)

**1. Burglary— doctrine of possession of recently stolen property—application**

The trial court did not err by instructing the jury that it could consider the doctrine of possession of recently stolen property in deciding defendant's guilt of first-degree burglary as well as common law robbery.

**2. Sentencing— evidence of prior convictions**

The trial court did not err when sentencing defendant for first-degree burglary and common law robbery under the Structured Sentencing Act by accepting the State's offer of a printout containing the heading "DCI-Record" showing that defendant had multiple convictions in North Carolina, New Jersey, and New York. The computarized record contains sufficient identifying information with respect to defendant to give an indicia of reliability and the use of the printout was proper under N.C.G.S. § 15A-1340.14(f)(3) and N.C.G.S. § 15A-1340.14(f)(4).

**3. Sentencing— classification of convictions from other jurisdictions**

The trial court did not err when sentencing defendant for first-degree burglary and common law robbery under the Structured Sentencing Act by accepting photocopies of New

Jersey and New York statutes when classifying his prior convictions from those jurisdictions. N.C.G.S. § 8-3 provides that a printed copy of a statute of another state is admissible as evidence of the law of that state.

**4. Sentencing— classification of prior offense**

There was no prejudicial error in the trial court's sentencing of defendant for first-degree burglary and common law robbery under the Structured Sentencing Act in the court's classification of a New York assault. The question was not preserved for appellate review; moreover, even if the trial court erred in the classification of this offense, defendant's point total would still yield a prior record level of VI.

**5. Sentencing— prior convictions—limitation upon use**

In enacting the Structured Sentencing Act, the General Assembly did not limit the sentencing court's consideration of previous criminal convictions in the way that prior convictions are limited for impeachment purposes in the Rules of Evidence and did not require that the trial court determine the probative value of prior convictions which occurred more than ten years preceding this conviction.

**6. Sentencing— consecutive—first-degree burglary and common law robbery**

The trial court did not err by failing to merge sentences for first-degree burglary and common law robbery and by ordering the sentences to run consecutively. Where the offenses are distinct and require proof of different elements, punishment for each by the imposition of consecutive sentences does not violate double jeopardy.

Appeal by defendant from judgments entered 19 February 1997 by Judge W. Russell Duke, Jr., in Craven County Superior Court. Heard in the Court of Appeals 2 April 1998.

*Attorney General Michael F. Easley, by Assistant Attorney General Mark J. Pletzke, for the State.*

*Sumrell, Sugg, Carmichael & Ashton, P.A., by Scott C. Hart and Rudolph A. Ashton, III, for defendant-appellant.*

**STATE v. RICH**

[130 N.C. App. 113 (1998)]

MARTIN, John C., Judge.

Defendant was charged in a single bill of indictment with first degree burglary and common law robbery. A jury found him guilty of both offenses. The trial court determined that defendant had a prior record point total of twenty-four, giving him a prior record level of VI. The trial court entered judgments imposing a sentence of a minimum of 183 months and a maximum of 229 months for first degree burglary, and a consecutive sentence of a minimum of 36 months and a maximum of 44 months for common law robbery. Defendant appeals.

---

Because the assignments of error brought forward in defendant's brief, with one exception, are directed to the sentencing proceeding, we need not recite the evidence in detail. We have reviewed the transcript carefully and conclude the State offered sufficient evidence to show that on 1 May 1996, at approximately 11:30 p.m., defendant broke and entered the residential apartment of Margaret Stevens in New Bern while Ms. Stevens was sleeping there. Defendant demanded money of Ms. Stevens, took her wallet containing currency and credit cards, and fled. He was apprehended by the police shortly thereafter; the victim's wallet was found in the vicinity of his arrest.

[1] In the only assignment of error not related to his sentence, defendant contends the trial court erred by instructing the jury that it could consider the doctrine of possession of recently stolen property in deciding defendant's guilt of first degree burglary as well as common law robbery. Defendant argues the doctrine should not have been applied to the burglary charge. The issue has been decided adversely to defendant by our Supreme Court. *State v. Barnes*, 345 N.C. 184, 481 S.E.2d 44 (1997), *cert. denied*, —— U.S. ——, 140 L.E.2d 473 (1998); *State v. Joyner*, 301 N.C. 18, 269 S.E.2d 125 (1980).

[2] With respect to the sentencing proceeding, defendant first argues the court erred by accepting the State's offer of "an unverified computerized printout not under seal" to prove defendant's prior criminal convictions. The printout offered by the State contained the heading "DCI-Record" (Division of Criminal Information), contained a detailed description of defendant including his fingerprint identifier number and FBI number, and showed that defendant had been convicted of multiple offenses in North Carolina, New Jersey, and New York.

Defendant cites no authority in support of his argument that the printout was not an acceptable method of proof of prior convictions pursuant to G.S. § 15A-1340.14(f). The statute provides:

Proof of Prior Convictions.—A prior conviction shall be proved by any of the following methods:

(1) Stipulation of the parties.

(2) An original or copy of the court record of the prior conviction.

(3) A copy of records maintained by the Division of Criminal Information, the Division of Motor Vehicles, or of the Administrative Office of the Courts.

(4) Any other method found by the court to be reliable.

N.C. Gen. Stat. § 15A-1340.14(f) (1997).

As indicated by its heading, the computerized printout was a detailed record of defendant's criminal history as maintained by the Division of Criminal Information. A "copy", includes "a paper writing containing a reproduction of a record maintained electronically on a computer or other data processing equipment . . . ." N.C. Gen. Stat. § 15A-1340.14(f). The computerized record contained sufficient identifying information with respect to defendant to give it the indicia of reliability. Thus, we believe use of the printout to prove defendant's prior convictions was proper under G.S. § 15A-1340.14(f)(3) and, in addition, under G.S. § 15A-1340.14(f)(4) (any other method found by the court to be reliable).

[3] Defendant also argues the trial court erred in classifying his prior convictions from other jurisdictions. He argues the State's evidence, consisting of photocopies of New Jersey and New York statutes, was insufficient to meet its burden of showing, by a preponderance of the evidence, that offenses committed by defendant in New Jersey and New York were substantially similar to offenses classified as felonies in North Carolina. We disagree.

G.S. § 15A-1340.14(e) (1997) provides:

Except as otherwise provided in this subsection, a conviction occurring in a jurisdiction other than North Carolina is classified as a Class I felony if the jurisdiction in which the offense occurred classifies the offense as a felony, or is classified as a Class 3 misdemeanor if the jurisdiction in which the offense

occurred classifies the offense as a misdemeanor. If the offender proves by the preponderance of the evidence that an offense classified as a felony in the other jurisdiction is substantially similar to an offense that is a misdemeanor in North Carolina, the conviction is treated as that class of misdemeanor for assigning prior record level points. If the State proves by the preponderance of the evidence that an offense classified as either a misdemeanor or a felony in the other jurisdiction is substantially similar to an offense in North Carolina that is classified as a Class I felony or higher, the conviction is treated as that class of felony for assigning prior record level points. If the State proves by the preponderance of the evidence that an offense classified as a misdemeanor in the other jurisdiction is substantially similar to an offense classified as a Class A1 or Class 1 misdemeanor in North Carolina, the conviction is treated as a Class A1 or Class 1 misdemeanor for assigning prior record level points.

G.S. § 8-3 provides that a printed copy of a statute of another state is admissible as evidence of the statute law of such state. We hold that the copies of the New Jersey and New York statutes, and comparison of their provisions to the criminal laws of North Carolina, were sufficient to prove by a preponderance of the evidence that the crimes of which defendant was convicted in those states were substantially similar to classified crimes in North Carolina for purposes of G.S. § 15A-1340.14(e).

[4] Next defendant argues his conviction of "assault with intent to cause serious injury," occurring in New York, should have been classified by the trial court as a Class A1 misdemeanor rather than a Class I felony for sentencing purposes. However, the scope of review on appeal is limited to "consideration of those assignments of error set out in the record on appeal . . . ." N.C.R. App. P. 10(a). Additionally, "[i]n order to preserve a question for appellate review, a party must have presented to the trial court a timely request, objection or motion, stating the specific grounds for the ruling the party desired the court to make if the specific grounds were not apparent from the context." N.C.R. App. P. 10(b)(1).

Defendant did not object to the classification of the offense as a Class I felony during the sentencing proceeding, and he has failed to assign it as error in the record on appeal. In any event, as defendant acknowledges in his brief, even if the trial court erred in classifying his New York conviction for "assault with intent to cause serious

injury" as a Class I felony rather than a Class A1 misdemeanor, defendant's prior record point total would still yield a prior record level of VI and he has suffered no prejudice.

**[5]** Pointing to the limitation contained in G.S. § 8C-1, Rule 609 upon the admissibility into evidence of prior convictions for impeachment purposes, defendant next asks that we impose a similar limitation upon the use of prior convictions for purposes of sentencing under the Structured Sentencing Act, G.S. § 15A-1340.10 *et seq.* Alternatively, he suggests that we should require the trial court to determine the probative value of prior convictions which occurred more than ten years preceding the defendant's conviction for which he is being sentenced. The General Assembly, in enacting the Structured Sentencing Act, placed no such limitations upon the sentencing court's consideration of a defendant's record of previous criminal convictions, nor shall we, as it is not our function to do so.

**[6]** Finally, defendant asserts the trial court erred by failing to merge the sentences for first degree burglary and common law robbery and by ordering the sentences to run consecutively. He asks that we arrest judgment on the robbery charge.

> The common law doctrine of merger is a judicial tool to prevent the subsequent prosecution of a defendant for a lesser included offense once he has been acquitted or convicted of the greater. It is primarily a device to prevent the defendant from being placed twice in jeopardy for the same offense.

*State v. Moore,* 34 N.C. App. 141, 142, 237 S.E.2d 339, 340 (1977). Where the offenses are two distinct criminal offenses which require proof of different elements, punishment for each by the imposition of consecutive sentences does not violate the constitutional prohibition against double jeopardy. *State v. Evans,* 125 N.C. App. 301, 480 S.E.2d 435, *disc. review denied,* 346 N.C. 551, 488 S.E.2d 813 (1997). "The structured sentencing act allows for the imposition of consecutive sentences." *State v. Lea,* 126 N.C. App. 440, 449, 485 S.E.2d 874, 879 (1997); N.C. Gen. Stat. § 15A-1340.15(a) (1997).

The elements of first degree burglary are: "(1) The breaking (2) and entering (3) in the nighttime (4) into a dwelling house or a room used as a sleeping apartment (5) which is actually occupied at the time of the offense (6) with the intent to commit a felony therein." *State v. Wells,* 290 N.C. 485, 496, 226 S.E.2d 325, 332 (1976).

Common law robbery is the taking and carrying away personal property of another from his person or presence without his consent by violence or by putting him in fear and with the intent to deprive him of its use permanently, the taker knowing that he was not entitled to take it.

*State v. McCullough*, 79 N.C. App. 541, 544, 340 S.E.2d 132, 135, *disc. review denied*, 316 N.C. 556, 344 S.E.2d 13 (1986). Since these offenses require proof of different elements, they are two distinct offenses, and, as defendant concedes in his brief, common law robbery is not a lesser included offense of first degree burglary. Therefore, the sentences were not required to be merged.

We have also noted defendant's request that we examine the record to determine if any errors occurred during his trial or sentencing which would merit relief. We have done so and conclude defendant received a fair trial, free of prejudicial error.

No error.

Judges WYNN and WALKER concur.