STATE OF NORTH CAROLINA v. TIMOTHY LAVONNE CROCKETT

No. COA07-1283

(Filed 21 October 2008)

**Sentencing— prior conviction—sufficiency of proof**

The State presented prima facie evidence that defendant was previously convicted of larceny after breaking and entering so as to support defendant's sentence as a level IV offender, even though the judgment lists only the breaking and entering conviction, where the State introduced a computerized criminal history from the Department of Criminal Information and a printout from records maintained by the County Sheriff's Department that showed the larceny conviction, and the court noted that the clerk of court's computer system showed the larceny conviction. The scheme for proving prior convictions set forth in N.C.G.S. § 15-A-1340.14(f) does not prioritize the methods of proving prior convictions.

Appeal by Defendant from judgment entered 1 May 2007 by Judge J. Gentry Caudill in Superior Court, Mecklenburg County. Heard in the Court of.Appeals 9 September 2008.

*Attorney General Roy Cooper, by Special Deputy Attorney General T. Lane Mallonee, for the State.*

*Russell J. Hollers, III for Defendant.*

McGEE, Judge.

Timothy L. Crockett (Defendant) was convicted on 1 May 2007 of possession with intent to sell or deliver cocaine and sale of cocaine. The events giving rise to Defendant's convictions occurred on 23 August 2006 when Defendant sold cocaine to undercover police officers. During the second phase of Defendant's trial, which began on 1 May 2007, Defendant was tried for attaining the status of habitual felon. During this part of Defendant's trial, the State called an employee of the Mecklenburg County Clerk of Court's office to identify certified copies of judgments for the following underlying felonies: (1) possession of cocaine, file 92 CRS 75167, conviction date 21 September 1995; (2) felonious breaking and entering, file 98 CRS 51194, conviction date 24 June 1999; and (3) possession with intent to sell and deliver cocaine, file 05 CRS 30213, conviction date 21 February 2006. The jury convicted Defendant of being an habitual felon based on these three felonies on 1 May 2007.

At sentencing, the State presented a prior record level worksheet listing Defendant's prior convictions and showing a total of nine prior record points, making Defendant a record level IV for sentencing purposes. Although Defendant did not include the prior record level worksheet in the record on appeal, the transcript of the sentencing hearing shows that the nine prior record points were calculated as follows: (1) four points for sale of cocaine, a Class G felony; (2) two points for larceny after breaking and entering, a Class H felony; (3) one point each for two Class M-1 misdemeanors; and (4) one point for the elements of the current offense being included in a prior offense for which Defendant had been convicted. The trial court found that Defendant was a prior record level IV for sentencing purposes. The trial court sentenced Defendant within the presumptive range to a minimum of 125 months to a maximum of 159 months in prison.

Defendant's sole argument on appeal is that the trial court erred in sentencing him as a level IV offender because the State failed to produce sufficient evidence that Defendant was convicted of larceny after breaking and entering. Without that conviction, Defendant would be a level III offender and therefore be subject to a lower presumptive range for sentencing purposes. We do not agree with Defendant's contention.

In addressing this assignment of error, the standard of review is whether the sentence is supported by evidence presented at Defendant's trial and sentencing hearing. *State v. Jeffery*, 167 N.C.

App. 575, 578, 605 S.E.2d 672, 674 (2004) (citations omitted). The proof needed to determine a defendant's prior record level is set forth in N.C. Gen. Stat. § 15A-1340.14(f), which provides in pertinent part:

A prior conviction shall be proved by any of the following methods:

(1) Stipulation of the parties.

(2) An original or copy of the court record of the prior conviction.

(3) A copy of records maintained by the Division of Criminal Information, the Division of Motor Vehicles, or of the Administrative Office of the Courts.

(4) Any other method found by the court to be reliable.

The State bears the burden of proving, by a preponderance of the evidence, that a prior conviction exists and that the offender before the court is the same person as the offender named in the prior conviction. The original or a copy of the court records or records maintained by the Division of Criminal Information, the Division of Motor Vehicles, or of the Administrative Office of the Courts, bearing the same name as that by which the offender is charged, is prima facie evidence that the offender named is the same person as the offender before the court, and that the facts set out in the record are true. For purposes of this subsection, "a copy" includes a paper writing containing a reproduction of a record maintained electronically on a computer or other data processing equipment, and a document produced by a facsimile machine. The prosecutor shall make all feasible efforts to obtain and present to the court the offender's full record.

N.C. Gen. Stat. § 15A-1340.14(f) (2007).

To prove Defendant's prior conviction of larceny after breaking and entering, the State introduced a computerized criminal history from the Department of Criminal Information (DCI report) and a printout from records maintained by the Mecklenburg County Sheriff's Department.[1] At sentencing, the trial court also noted

---

1. It appears Defendant did not include any records from the Mecklenburg County Sheriff's Department in the record on appeal. However, Defendant did include a "local identification inquiry" from the Administrative Office of the Courts' computer system, that listed Defendant's convictions, as well as the DCI report.

that the clerk of court's computer system showed the larceny conviction. These records appear to show that Defendant was charged with breaking and entering, larceny after breaking and entering, and possession of stolen goods on 28 December 1998. The DCI report showed that Defendant pleaded guilty to both the larceny and the breaking and entering charges, and that the charge of possession of stolen goods was dismissed. The DCI report also shows that the larceny conviction was consolidated for judgment with the breaking and entering conviction.

The breaking and entering conviction was used to support Defendant's habitual felon conviction. The judgment suspending Defendant's sentence for the breaking and entering conviction in file 98 CRS 51194 was introduced at trial by the State to prove that Defendant had obtained the status of an habitual felon. This judgment lists only the breaking and entering offense, which was the only offense charged in file 98 CRS 51194.

Defendant argued at sentencing that the larceny charge had been dismissed as part of a plea agreement for the breaking and entering charge, but no documentation of a dismissal for the larceny charge in file 98 CRS 51195 was presented. Defendant now argues that if he had actually been convicted of larceny, the judgment should reflect both the larceny and the breaking and entering convictions, but that it only lists the latter. Defendant contends that the judgment is the best evidence of whether or not he was convicted of larceny, and that the absence of that charge on the judgment renders the other records insufficient to satisfy the State's burden.

The record introduced by the State to show Defendant's prior conviction of larceny is included within the methods of proof set forth in N.C. Gen. Stat. § 15A-1340.14(f). In *State v. Rich*, this Court held that an unverified computerized DCI report was sufficiently reliable to constitute an acceptable method of proof of prior convictions. *State v. Rich*, 130 N.C. App. 113, 116, 502 S.E.2d 49, 51, *disc. review denied*, 349 N.C. 237, 516 S.E.2d 605 (1998). Additionally, as the State argues, North Carolina's statutory scheme for proving prior convictions does not prioritize the methods of proving prior convictions. N.C. Gen. Stat. § 15A-1340.14(f) provides that a prior conviction "shall be proved by *any* of the following methods" (emphasis added), including a copy of a DCI report.

We are not persuaded by Defendant's assertion that the judgment's failure to list Defendant's larceny conviction renders the

State's other evidence of the larceny conviction insufficient. Since *prima facie* evidence was presented by the State showing that Defendant was previously convicted of larceny, such evidence supports the two prior record points challenged by Defendant, as well as the sentence imposed by the trial court. Therefore, we find the trial court did not err in determining that the State had met its burden, or in sentencing Defendant as a level IV offender. Defendant's assignment of error is overruled.

No error.

Judges McCULLOUGH and STROUD concur.