STATE OF NORTH CAROLINA
v.
TY JOSEPH GIDDINGS
No. COA08-1032.
Court of Appeals of North Carolina.
Filed May 19, 2009.
This case not for publication
Attorney General Roy Cooper, by Assistant Attorney General James C. Holloway, for the State.
Carol Ann Bauer for defendant-appellant.
HUNTER, JR., Robert N., Judge.
Defendant appeals his sentence and argues that the trial court erred in calculating his prior record points. For the reasons stated herein, we affirm defendant's sentence but remand for the correction of a clerical error.

I. Facts
Defendant Ty Joseph Giddings ("defendant") was indicted by a Buncombe County Grand Jury for 24 counts of obtaining property by false pretenses under N.C. Gen. Stat. § 14-100, and 1 Count of habitual felon under N.C. Gen. Stat. § 14-7.1. The indictment for habitual felon was supported by his Washington State convictions of: (1) first-degree burglary on or about 26 May 1988; (2) forgery on or about 5 June 1992; and (3) forgery on or about 11 April 2002. Defendant pled guilty to all charges. Pursuant to the plea agreement, all charges were consolidated for judgment, and the parties stipulated to the mitigating factor of "acceptance of responsibility" and that defendant would be sentenced at "the bottom of the mitigated range in the block the Court finds applies to his point range."
The State submitted a prior record level sentencing worksheet which classified defendant's prior convictions as follows: (1) second-degree burglary in Washington State on 11 May 1987 as a Class H felony; (2) second-degree burglary in Washington State on 26 May 1988 as a Class H felony, (3) forgery in Washington State on 8 June 1992 as a Class I felony, (4) third-degree rape in Oregon on 21 July 1995 as a Class C felony, (5) first-degree theft in Oregon on 23 June 1998 as a Class H felony, (6) identity theft in Washington State on 19 June 2001 as a Class G felony, (7) theft in Washington State on 11 April 2002 as a Class H felony, and (8) identity theft in Washington State on 18 February 2005 as a Class G felony. Defendant stipulated that he was the perpetrator of all prior convictions.
Defendant was assigned 2 points for each Class H or Class I felony, 4 points for each Class G felony, and 6 points for the Class C felony. See N.C. Gen. Stat. § 15A-1340.14(b) (2007). Accordingly, defendant received 24 prior record points and was classified at prior record Level VI. The State submitted copies of the relevant Oregon and Washington State statutes for the trial court to determine which North Carolina offenses were substantially similar. The trial court agreed with the State's assessment of 24 prior record points and sentenced defendant as an habitual felon at prior record Level VI. Defendant received a sentence in the mitigating range of 101-131 months' imprisonment. Defendant entered notice of appeal in open court on 9 June 2008.

II. Prior Record Points
Defendant argues that the trial court erred in improperly classifying his out-of state convictions to calculate his prior record points. Defendant asserts that he should have received 12 prior record points and been classified at prior record Level IV, which would reduce his sentence to a range of 80-107 months' imprisonment. See N.C. Gen. Stat. § 15A-1340.17(c) (2007). We disagree.
Under North Carolina's structured sentencing scheme, the prior record level of a felony offender is determined by calculating the sum of the points assigned to each of the offender's prior convictions. N.C. Gen. Stat. § 15A-1340.14(a). "The State bears the burden of proving, by a preponderance of the evidence, that a prior conviction exists and that the offender before the court is the same person as the offender named in the prior conviction." N.C. Gen. Stat. § 15A-1340.14(f)(4).
When determining a defendant's prior record level, the court presumes that an out-of-state felony conviction is a Class I felony. N.C. Gen. Stat. § 15A-1340.14(e). However, the out-of-state felony conviction can be classified higher than Class I, if the State proves by a preponderance of the evidence that theoffense is "substantially similar" to a North Carolina offense of a higher classification. Id. Similarly, if the defendant proves by a preponderance of the evidence that the out-of-state felony conviction is substantially similar to a misdemeanor in North Carolina, the conviction is classified as the equivalent misdemeanor. Id. In determining the prior record level, the classification of a prior offense is the classification assigned to that offense at the time the offense for which the offender is being sentenced is committed. N.C. Gen. Stat. § 15A-1340.14(c).
"[W]hether an out-of-state offense is substantially similar to a North Carolina offense is a question of law that must be determined by the trial court[.]" State v. Hanton, 175 N.C. App. 250, 254, 623 S.E.2d 600, 604 (2006). Determination of this question involves comparison of the elements of the out-of-state offense to those of criminal offenses in North Carolina. Id. The production of copies of criminal statutes from other jurisdictions to allow comparison to the criminal laws of North Carolina are "sufficient to prove by a preponderance of the evidence that the crimes of which [a] defendant was convicted in those states were substantially similar to classified crimes in North Carolina for purposes of G.S. § 15A-1340.14(e)." State v. Rich, 130 N.C. App. 113, 117, 502 S.E.2d 49, 52, disc. review denied, 349 N.C. 237, 516 S.E.2d 605 (1998). As a question of law, we review a trial court's determination of substantial similarity de novo. Hanton, 175 N.C. App. at 254, 623 S.E.2d at 604. Defendant assigns error to the following findings of the trial court: defendant's two second-degree burglary convictions under Wash. Rev. Code Ann. § 9A.52.030 are substantially similar to felony breaking and entering under N.C. Gen. Stat. § 14-54; defendant's forgery conviction under Wash. Rev. Code Ann. § 9A.60.020 is substantially similar to forgery of a financial transaction card under N.C. Gen. Stat. § 14-113; defendant's third-degree rape conviction under Or. Rev. Stat. § 163.355 is substantially similar to statutory rape or sexual offense of a person who is 13, 14, or 15 years old under N.C. Gen. Stat. § 14-27.7A; defendant's first-degree theft conviction under Or. Rev. Stat. § 164.055 is substantially similar to felony larceny under N.C. Gen. Stat. § 14-72(a); defendant's first-degree theft conviction under Wash. Rev. Code Ann. § 9A.56.030 is substantially similar to felony larceny under N.C. Gen. Stat. § 14-72(a); and defendant's two identity theft convictions under Wash. Rev. Code Ann. § 9.35.020 are substantially similar to identity theft under N.C. Gen. Stat. § 14-113.20.
Defendant contends that each out-of-state conviction is substantially similar to a North Carolina offense of a lower classification. Defendant asserts that: (1) his convictions classified as Class H or Class I felonies are substantially similar to misdemeanors; (2) his identify theft convictions, classified as Class G felonies, are substantially similar to obtaining property by false pretenses, a Class H felony; and (3) his third-degree rape conviction, classified as a Class C felony, is substantiallysimilar to taking indecent liberties with children, a Class F felony.
Defendant first argues that the trial court erred in finding his 1987 second-degree burglary conviction was substantially similar to felony breaking and entering in North Carolina, a Class H felony worth 2 prior record points. See N.C. Gen. Stat. § 14-54(a) (2007); N.C. Gen. Stat. § 15A-1340.14(b)(4). Defendant argues that his conviction was substantially similar to misdemeanor breaking and entering in North Carolina, a Class 1 misdemeanor, worth 1 prior record point. See N.C. Gen. Stat. § 14-54(b); N.C. Gen. Stat. § 15A-1340.14(b)(5).
To determine if an out-of-state conviction is substantially similar to an offense in North Carolina, we must compare the elements of the out-of-state offense to those of the North Carolina offense. Hanton, 175 N.C. App. at 254, 623 S.E.2d at 604. Wash. Rev. Code Ann. § 9A.52.030 provides that a person is guilty of second-degree burglary if "with intent to commit a crime against a person or property therein, he enters or remains unlawfully in a building other than a vehicle or a dwelling." Wash. Rev. Code Ann. § 9A.52.030 (2007). N.C. Gen. Stat. § 14-54(a) provides that "[a]ny person who breaks or enters any building with intent to commit any felony or larceny" is guilty of felony breaking and entering. N.C. Gen. Stat. § 14-54(a). Defendant asserts that second-degree burglary is substantially similar to misdemeanor breaking and entering, an offense which requires that a person "wrongfully breaks or enters any building[.]" N.C. Gen. Stat. § 14-54(b). Defendant argues that he was convicted for "going into a building and using the telephone, not going into a building for the purpose of a felony or to commit larceny[.]" This argument has no merit. The determination of whether a North Carolina offense is substantially similar is not concerned with the factual circumstances of the out-of-state conviction, but instead, involves comparing the elements of both offenses. The trial court correctly concluded that second-degree burglary in Washington State was substantially similar to felony breaking and entering in North Carolina because both offenses require entering a building with the intent to commit a crime.
In his remaining arguments, defendant fails to compare the elements of each out-of-state conviction with a North Carolina offense, and instead, discusses the factual circumstances of each conviction. Thus, defendant has not met his burden of showing that any of his out-of-state convictions were substantially similar to the lower classified offenses. The assignments of error are overruled.

III. Judgment and Commitment
Defendant assigns error to his judgment and commitment, which provided that his sentence was "within the presumptive range of sentences authorized under G.S. 15A-1340.17(c)". Defendant was sentenced within the mitigating range, and therefore, this clerical error had no substantive effect on his sentence. See N.C. Gen. Stat. § 15A-1340.17(c). "When, on appeal, a clerical error is discovered in the trial court's judgment or order, it is appropriate to remand the case to the trial court for correction because of the importance that the record'" speak the truth."'" State v. Smith, 188 N.C. App. 842, 845, 656 S.E.2d 695, 696 (2008) (citations omitted). We remand only for correction of this clerical error.

IV. Conclusion
The trial court did not err in calculating defendant's prior record points for his out-of-state convictions. We affirm defendant's sentence and remand to correct the clerical error in the judgment and commitment.
Affirmed and remanded for correction of a clerical error.
Judges HUNTER, Robert C., and CALABRIA concur.
Report per Rule 30(e).